1  Arnold J. Anchordoquy, Esq. – SBN 56449
   Stephen T. Clifford, Esq. – SBN 39020
2  Dennis P. Gallagher, Esq. – SBN 301453
   CLIFFORD & BROWN
3  A Professional Corporation
   Attorneys at Law
4  Bank of America Building
   1430 Truxtun Avenue, Suite 900
5  Bakersfield, CA 93301-5230
   Tel: (661) 322-6023      Fax: (661) 322-3508
6
   Attorneys for Defendants, Christman, Kelley &
7  Clarke, PC; Dugan Kelly; Matthew Clarke

8

9              UNITED STATES DISTRICT COURT

10             EASTERN DISTRICT OF CALIFORNIA

11                      * * *

12  GENE MOSELEY, an individual;    )   Case No.:
    MICHELLE MOSELEY, an individual,)
13                                  )
                                    )
14        Plaintiffs,               )
                                    )
15     vs.                          )   **PETITION FOR REMOVAL**
                                    )
16  MICHAEL      JOHNSON,   personal)
    representative of the Estate of LLOYD)
17  JOHNSON; CHRISTMAN KELLEY &)
    CLARKE, PC, a Texas Corporation;)
18  DUGAN P. KELLEY, an individual;)
    MATTHEW    M.   CLARKE,    an)
19  individual; and DOES 1 through 20,)
    inclusive                      )
20                                  )
          Defendants.               )
21  ------------------------------------)

22        TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

23        Defendants CHRISTMAN, KELLEY & CLARKE (the "Firm"), MATTHEW CLARKE,

24  and DUGAN KELLEY (the "Attorneys") (the Firm and the attorneys are collectively referred to as

25  "CKC"), by and through their counsel Clifford & Brown, P.C., hereby submit this Petition for

26  Removal to the above-captioned Court.

27  \\\

28  \\\

                            1

1    CKC requests this Court remove the matter of *American Safety Services, Inc. v. Michael*

2    *Johnson, et al.*, Case No. BCV-17-101982, Superior Court of California, County of Kern (the

3    "Superior Court Case"), from Kern County and into the above-captioned Court.

4        This Petition is made pursuant to 28 U.S.C. Sections 1441 and 1446 as well as *Federal*

5    *Rule of Civil Procedure*, Rule 11.

6        True and correct copies of all pleadings and rulings from the Superior Court Case through

7    the date of this Petition is attached hereto as Exhibit A.

8        There is a diversity of parties and none of the Defendants reside or have their principal

9    place of business in California.  Plaintiff's Complaint in the Superior Court Case (the "Complaint")

10   states Plaintiff American Safety Services, Inc. ("ASSI") is a California Corporation.  (Complaint ¶

11   1.)  The Firm is, and at all relevant times was, a Texas Corporation with its principal place of

12   business in Texas.  (See *Hertz Corp. v. Friend* (2010) 559 U.S. 77.)  The Attorneys are, and at all

13   relevant times were, residents of Texas.  Based upon a phone call with Defendant Michael

14   Johnson, his discovery responses signed under penalty of perjury identifying Florida as his place of

15   residence and his signatures on other documents indicating a Florida residency, we have reason to

16   believe he is a resident of Florida.

17       Although the Complaint does not set forth a specific request for damages, the allegations

18   thereof establish that the amount in controversy exceeds $75,000.00.  Specifically, the contract

19   involved in the Complaint was for $255,000.00, CKC and Mr. Johnson allegedly asserted that

20   ASSI owed Mr. Johnson $85,000.00, and the Complaint seeks punitive damages.  (Complaint, ¶¶

21   12, 13, 22 and Prayer ¶ 3.)

22       Concurrent with the filing of this Petition, counsel for CKC, will file a Notice of Filing of

23   this Petition in the Superior Court Case and serve all parties with the same.

24       Based on the above, this matter has met the procedural requirements of 28 U.S.C. Sections

25   1441 and 1446 and should be removed to the instant Court.

26   \\\

27   \\\

28   \\\

1

2    DATED: March ___, 2018                    CLIFFORD & BROWN

3

4                                    By: _____
                                          Arnold J. Anchordoquy, Esq.
5                                         Stephen T. Clifford, Esq.
                                          Dennis P. Gallagher, II, Esq.
6                                         Attorneys for defendants, Christman, Kelley
                                          & Clarke, PC; Dugan Kelly;
7                                         Matthew Clarke

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

FILED
SUPERIOR COURT OF CA, COUNTY OF KERN

AUG 2 5 2017

TERRY McNALLY, CLERK
BY _____ DEPUTY

1 | GENE MOSELEY
  | MICHELLE MOSELEY
2 | 11211 Laverham Court
  | Bakersfield, CA 93312
3 | Phone: (661) 303-5802
4 |
  | Attorneys for: In Pro Per
5 |

**NOTICE OF ASSIGNMENT AND
CASE MANAGEMENT CONFERENCE**

Assigned to ____ THOMAS S. CLARK ___ for all purposes.

Hearing Date: ___ FEB 26 2018 ___

Time: ___ 8:15 AM ___

Department: ___ 17 ___

See CRC Rule 3.720 Et. Seq.

6

7

8

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF KERN – METROPOLITAN DIVISION

9 | GENE MOSELEY, an individual;
10 | MICHELLE MOSELEY, an individual,
11 |                     Plaintiffs,
12 |
13 | vs.
14 | MICHAEL JOHNSON, personal representative
15 | of the Estate of LLOYD JOHNSON;
   | CHRISTMAN KELLEY & CLARKE, PC, a
   | Texas Corporation; DUGAN P. KELLEY, an
16 | individual; MATTHEW M. CLARKE, an
17 | individual; and DOES 1 through 20, inclusive
18 |                     Defendants.

) Case No. **BCV-17-101994** TSC
)
) **COMPLAINT FOR DAMAGES FOR:**
)
)   1. **MALICIOUS PROSECUTION**
)
)
)
)
)
)
)
)
)
)
)
)

19 | Plaintiff, GENE MOSELEY and MICHELLE MOSELEY, allege as follows:

20 | ### GENERAL ALLEGATIONS

21 |     1.      Plaintiffs are, and at all times mentioned in this Complaint were, individuals residing
22 | in the County of Kern, State of California.

23 |     2.      Plaintiffs are informed and believe, and on that basis allege, that at all times
24 | mentioned in this Complaint, LLOYD JOHNSON was an individual residing in the County of Kern,
25 | State of California, County of Kern. LLOYD JOHNSON passed away on or about August 27, 2016.
26 | Plaintiffs are further informed and believe, and on that basis allege that MICHAEL JOHNSON is the
27 | personal representative of the estate.
28 |

1

3. Plaintiffs are informed and believe, and on that basis allege, that MICHAEL JOHNSON is an individual residing in the County of Kern, State of California.

4. Plaintiffs are informed and believe, and on that basis allege, that defendant, CHRISTMAN KELLEY & CLARKE, PC (hereinafter "CKC") is, and at all times mentioned in this Complaint, was a Texas Corporation authorized to and conducting business in California, and its partners are licensed to practice law in the State of California. CKC and its partners represented LLOYD JOHNSON in the underlying action.

5. Defendant, DUGAN P. KELLEY, is an attorney licensed to practice law in the State of California and is a partner at CKC.

6. Defendant, MATTHEW M. CLARKE, is an attorney licensed to practice law in the State of California and is a partner at CKC.

7. Plaintiffs are unaware of the true names and capacities of defendants, Does 1 through 20, and therefore sues such defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to allege the true name(s) and capacity(ies) of the defendants named herein as Does 1 through 20, or each of them, when the names and capacities have been ascertained.

8. Plaintiffs are informed and believe and on that basis allege that at all relevant times, each of the fictitiously named defendants was the agent or employee of each of the remaining defendants, and was acting within the course and scope of said agency and employment, and with the knowledge, consent and ratification of each of the remaining defendants.

9. Plaintiffs are informed and believe and on that basis allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that ASSI's damages as herein alleged were legally caused by their conduct, actions and omissions.

10. In 2007, Michael Johnson filed a lawsuit in Santa Barbara County against LLOYD JOHNSON, Polly Johnson, plaintiffs, and American Safety Services ("ASSI"). The 2007 lawsuit is referred to herein as the "Santa Barbara litigation."

11. Shortly after the Santa Barbara litigation was filed, the parties to it agreed to mediation. At the mediation, the parties reached a resolution and executed a settlement agreement (the "Settlement Agreement"). The Settlement Agreement required LLOYD JOHNSON, Polly Johnson, Plaintiffs, and

2

1  ASSI to "collectively" pay Michael Johnson the sum of $255,000, and required Michael Johnson to

2  transfer his 10% ownership interest in ASSI to LLOYD JOHNSON.

3    12.    In or about 2007, LLOYD JOHNSON paid the $255,000 due under the Settlement

4  Agreement, and Michael Johnson transferred his 10% ownership in ASSI to LLOYD JOHNSON.

5    13.    On or about May 19, 2009, LLOYD JOHNSON, by way of his attorney, R. Christopher

6  Kroes, sent a letter to Plaintiffs demanding that Plaintiffs repay LLOYD JOHNSON $170,000 for their

7  alleged portion of the $255,000 Settlement Agreement amount.

8    14.    Plaintiffs did not make any payment to LLOYD JOHNSON. Thereafter, over two years

9  after the May 19, 2009 demand was made, on July 15, 2011, Michael Johnson, as assignee of LLOYD

10  JOHNSON, filed a lawsuit against Plaintiffs and ASSI in the Kern County Superior Court

11  entitled *Johnson v. Moseley, et al.*, case number S-1500-CV-274678 (hereinafter the "Underlying

12  Action") for breach of written contract and common counts.

13    15.    After multiple demurrers, amended complaints, and a revocation of the assignment, on

14  May 20, 2015, LLOYD JOHNSON filed a Third Amended Complaint in the Underlying Action,

15  which eliminated all previous causes of action and alleged five new causes of action. That Third

16  Amended Complaint was filed by CKC.

17    16.    In response to that Third Amended Complaint, a demurrer was sustained without

18  leave to amend as to all causes of action except Breach of Oral Contract. Thus, the Breach of Oral

19  Contract cause of action was all that remained.

20    17.    Based on deficiencies in the Underlying Action's Third Amended Complaint, on or

21  about November 5, 2015, Plaintiffs filed a Motion for Summary Judgment. This Motion was heard on

22  or about January 29, 2016.

23    18.    Additionally, beyond the filing of the above referenced Summary Judgment Motion,

24  Plaintiffs provided notice of the defective factual and legal foundation of the Third Amended

25  Complaint to DUGAN KELLEY and MATTHEW CLARKE by letter dated December 18, 2015,

26  which attached a copy of Plaintiffs' motion for sanctions pursuant to Code of Civil Procedure,

27  Section 128.7.

28

3

COMPLAINT FOR DAMAGES

1    19.    On or about April 13, 2016, the Court granted Plaintiffs' Motion for Summary

2  Judgment on the Underlying Action.

3    20.    LLOYD JOHNSON filed a notice of appeal to the Fifth District, but failed to file an

4  opening brief even after the appellate court granted several extensions of time. On or about June 19,

5  2017, the Fifth Appellate District dismissed the appeal and a remittitur was entered on August 22,

6  2017.

7                          **FIRST CAUSE OF ACTION**
8                          **MALICIOUS PROSECUTION**
                           **(Against All Defendants)**
9
10   21.    Plaintiffs incorporate the allegations of paragraphs 1 through 20 of the General

   Allegations as if set forth in full herein.

11   22.    On or about July 15, 2011, MICHAEL JOHNSON, as assignee of LLOYD

12 JOHNSON, commenced the Underlying Action against Plaintiffs and ASSI. In the Action,

13 Defendant asserted that Plaintiffs owed $85,000 pursuant to the Settlement Agreement reached in the

14 Santa Barbara Litigation. LLOYD JOHNSON, CKC, DUGAN P. KELLEY, and MATTHEW M.

15 CLARKE, continued the prosecution of the Underlying Action.

16   23.    The Action was pursued to a legal termination in favor of Plaintiffs and against

17 LLOYD JOHNSON in that LLOYD JOHNSON voluntarily withdrew multiple causes of action as

18 against Plaintiffs, demurrers were sustained without leave to amend, and Plaintiffs' Motion for

19 Summary Judgment was granted as to the sole remaining cause of action.

20   24.    LLOYD JOHNSON filed a notice of appeal. The Fifth District Court of Appeal,

21 however, dismissed the appeal after LLOYD JOHNSON failed to file an Opening Brief.

22   25.    Defendants acted primarily for a purpose other than succeeding on the merits of the

23 claim. The Underlying Action was commenced without probable cause and with malice, and was

24 continued to be prosecuted without probable cause and with malice. The Underlying Action was

25 based upon factual allegations that lacked admissible evidentiary support and legal contentions that

26 were facially devoid of merit. Specifically, the doctrine of mediation confidentiality precluded any

27 evidence of the parties' communications at mediation. Consequently, any evidence of oral

28

                                    4

1    agreements reached at the mediation, or communications that might reveal the parties' intent with

2    relation to the Settlement Agreement, would be inadmissible.

3        26.      Because there could be no admissible evidence to prove LLOYD JOHNSON'S and/or

4    MICHAEL JOHNSON'S claims in the Underlying Action, no reasonable person in defendants'

5    circumstances would have believed that there were reasonable grounds to bring the Underlying

6    Action, or to continue with its prosecution. During the course of the Underlying Action, LLOYD

7    JOHNSON churned through at least four law firms.

8        27.      Defendants' malicious prosecution of the Underlying Action was a substantial factor

9    in causing damages to Plaintiffs. Among other things, Plaintiffs were required to hire an attorney and

10    expend significant costs including, but not limited to, filing fees and court reporter fees, to defend

11    themselves. In addition, defendants' conduct was a substantial factor in causing Plaintiffs severe

12    emotional distress and harm to their reputation.

13        28.      Upon information and belief, the amount of the out-of-pocket damages caused by the

14    malicious prosecution of the Underlying Action exceeds the jurisdictional limits of this Court.

15    Plaintiffs' attorneys' fees and costs alone in relation to the Underlying Action exceed $70,000.

16        29.      Plaintiffs also are entitled to an award of punitive damages against defendants,

17    according to proof at trial, because defendants prosecution of the Underlying Action was, as alleged

18    above, oppressive and malicious. The amount of the award against defendants should be sufficient in

19    size to punish defendants and deter others from engaging in similar misbehavior.

20        WHEREFORE, Plaintiffs pray for judgment against defendants, and each of them, as

21    follows:

22    1.   General damages in an amount to be established at the time of trial.

23    2.   Special damages in an amount to be established at the time of trial.

24    3.   For exemplary and punitive damages in an amount to set an example of defendants.

25    4.   For cost of suit incurred in this action; and

26    5.   For any further relief as the court deems just and proper.

27    ///

28    ///

Dated:  August 25, 2017

By: _____

GENE MOSELEY
MICHELLE MOSELEY

6



**Superior Court of California**
**County of Kern**
**Bakersfield Department 17**

| | |
|---|---|
| **Hearing Date:**    12/11/2017 | **Time: 8:30 AM - 12:00 PM** |

MOSELEY VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON

**BCV-17-101994**

| | | | |
|---|---|---|---|
| **Honorable:** | Thomas S. Clark | **Clerk:** | Linda K. Hall |
| **Court Reporter:** | . None | **Bailiff:** | Deputy Sheriff |
| **Interpreter:** | | **Language Of:** | |

**PARTIES:**

| | |
|---|---|
| CHRISTMAN KELLEY & CLARKE, PC, A TEXAS CORPORATION, Defendant, not present | |
| DUGAN KELLEY, Defendant, not present | |
| GENE MOSELEY, Plaintiff, not present | Pro Se |
| MATTHEW CLARKE, Defendant, not present | |
| MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON, Defendant, not present | |
| MICHELLE MOSELEY, Plaintiff, not present | Pro Se |

## NATURE OF PROCEEDINGS:  ORDER TO SHOW CAUSE - CRC 3.110

**Hearing Start Time: 8:44 AM**

The above entitled cause came on regularly on this date and time with parties and/or counsel appearing as reflected above.

- No appearance by Plaintiff(s).

The Court makes the following findings and orders:

Judicial Officer THOMAS S. CLARK recuses himself.  CCP 170.1.

This case is assigned to Judge STEPHEN D. SCHUETT for all purposes.

Order to Show Cause RE: Service continued to 01/24/2018, at 8:30 a.m., in Department 10.

Notice to issue from court.

MINUTE ORDER

Page **1** of 2

MOSELEY VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE
ESTATE OF LLOYD JOHNSON

BCV-17-101994

**FUTURE HEARINGS:**

January 24, 2018 8:30 AM Order to Show Cause - CRC 3.110
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

February 26, 2018 8:15 AM Case Management Conference
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

---

*MINUTE ORDER FINALIZED BY:*    LINDA HALL                                      *ON:*        12/11/2017

MINUTE ORDER

Page **2** of **2**

MOSELEY VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE
ESTATE OF LLOYD JOHNSON                                                          BCV-17-101994



**Superior Court of California**
**County of Kern**
**Bakersfield Department 10**

Date:    **01/24/2018**                                    Time:    **8:30 AM - 12:00 PM**

                                                           **BCV-17-101994**

MOSELEY VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON

### *Courtroom Staff*

| | | | |
|---|---|---|---|
| **Honorable:** | Stephen D. Schuett | **Clerk:** | Linda M. Krolnik |
| **Court reporter:** | Tara Cunha | **Bailiff:** | Deputy Sheriff |
| **Interpreter:** | | **Language of:** | |

**PARTIES:**

CHRISTMAN KELLEY & CLARKE, PC, A TEXAS
CORPORATION, Defendant, not present
DUGAN KELLEY, Defendant, not present
GENE MOSELEY, Plaintiff, not present          Pro Se
MATTHEW CLARKE, Defendant, not present
MICHAEL JOHNSON, PERSONAL
REPRESENTATIVE OF THE ESTATE OF LLOYD
JOHNSON, Defendant, not present
MICHELLE MOSELEY, Plaintiff, not present      Pro Se

### NATURE OF PROCEEDINGS: ORDER TO SHOW CAUSE - CRC 3.110 CALIFORNIA RULES 3.110(B)

**Hearing Start Time: 8:30 AM**

The above entitled cause came on regularly on this date and time with parties and/or counsel appearing as reflected above.

- Attorney Elizabeth Estrada makes special appearance for/with Plaintiff

State the Parties are trying to locate the Defendant, and state the Defendant might be now in the state of Texas

The Court orders as follows:

The Plaintiff's have failed to file Proof of service or Certificate of Progress.

Cause continued to  02/26/18 at 8:15 a.m in Department 10

The plaintiff are ordered to appear at the next hearing

Further notice waived.

MINUTE ORDER

Page **1** of **2**

**FUTURE HEARINGS:**

February 26, 2018 8:15 AM Case Management Conference
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

February 26, 2018 8:15 AM Order to Show Cause - CRC 3.110
Schuett, Stephen D.
Bakersfield Department 10
Sheriff, Deputy

---

*MINUTE ORDER FINALIZED BY:*    LINDA KROLNIK                                                *ON:*    JANUARY 24, 2018

MINUTE ORDER

Page 2 of 2

MOSELEY VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE
ESTATE OF LLOYD JOHNSON                                                BCV-17-101994

ELECTRONICALLY FILED
1/29/2018 4:15 PM
Kern County Superior Court
Terry McNally
By Gracie Goodson, Deputy

1   *Specially appearing pro se*, MICHAEL JOHNSON,
    personal representative of the ESTATE OF
2   LLOYD JOHNSON
    623 Front Street, #5206
3   Kissimmee, Florida 34747
    (407) 897-9710

4

5                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

6                         FOR THE COUNTY OF KERN

7   GENE MOSELEY, an individual; MICHELLE         Case No.: BCV-17-101994
    MOSELEY, an individual,
8                                                 NOTICE OF MOTION AND MOTION TO
                 Plaintiff,                       QUASH SERVICE OF SUMMONS AND
9                                                 COMPLAINT; DECLARATION OF
    vs.                                           MICHAEL JOHNSON
10
    MICHAEL JOHNSON, personal representative of
11  the ESTATE OF LLOYD JOHNON;
    CHRISTMAN KELLEY & CLARKE, a Texas            Date:  March 1, 2018
12  corporation; DUGAN KELLEY, an individual;     Time:  8:30 a.m.
    MATTHEW CLARKE, an individual; and DOES       Dept.  10
13  1 through 20, inclusive,                      Judge: Hon. Stephen D. Schuett
                                                  Action Filed: August 29, 2017
14               Defendants.

15

16  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

17         PLEASE TAKE NOTICE that on March 1, 2018, at 8:30 a.m., or as soon thereafter as the

18  matter may be heard in Dept. 10 of the above court located at 1415 Truxtun Avenue, Bakersfield,

19  California 93301, plaintiff, Lloyd Johnson, by way of his personal representative, Michael Johnson

20  (hereinafter "Johnson"), *specially appears* and hereby does move for an order to quash the Summons

21  and Complaint of Plaintiff GENE MOSELEY and MICHELLE MOSELEY (hereinafter referred to

22
    as "Plaintiff") pursuant to California *Code of Civil Procedure* section 418.10 on the basis of lack of
23
24  personal jurisdiction due to ineffective service under California *Code of Civil Procedure* sections

25  415.10, 415.20, 416.60, 416.70, 416.80, and/or 416.90.  Further, Plaintiffs failed to file a claim in

26  probate court prior to filing this summons and complaint as required by California Probate Code §

27  9351 and Plaintiffs failed to file this summons and complaint within one year of the death of Lloyd

28  Johnson as required by California Code of Civil Procedure § 366.2.  Lastly, Plaintiffs did not serve

1   the summons and complaint upon defendant, Michael Johnson, personal representative of the Estate

2   of Lloyd Johnson, within 60 days as required by California Rules of Court, Rule 3.110(b).

3          The merits of the complaint are not yet at issue in motions to quash service of summons for

4   lack of personal jurisdiction. *(CenterPoint Energy, Inc. v. Superior Court* (2007) 157 Cal.App.4th

5   1101, 118.) *Hence this is not a general appearance by any purported defendant.*

6          This motion is based upon the attached Memorandum of Points and Authorities, the

7   Declaration Joseph S. Pearl Esq., the concurrently filed Declaration of Michael Johnson, and upon

8
    all of the pleadings and records contained in the Court file herein, and upon such oral and
9
    documentary evidence as may be presented at time for hearing on this application.
10

11  DATED: January 29, 2017

12

13                                              By

14                                                 Michael Johnson, personal
                                                   representative of the Estate
15                                                 of Lloyd Johnson

16

17

18

19

20

21

22

23

24

25

26

27

28

---

MOTION TO QUASH SERVICE

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    INTRODUCTION

In 2007, Michael Johnson filed a lawsuit against Michelle Moseley, Gene Moseley, American Safety Services, Inc. and Lloyd and Polly Johnson which sought payment of monies he was owed by the company and its owners. Michael Johnson's lawsuit also sought other damages against Gene Moseley and Michelle Moseley.

At mediation in July 2007, the parties settled the case wherein the defendants were required to "collectively" pay Michael Johnson $255,000. During the mediation, the Moseleys and American Safety Services, Inc requested Lloyd Johnson to loan them $170,000.00, or two-thirds of the $255,000.00 settlement amount to pay Michael Johnson and resolve the caese. The Moseley's and Ameicn Safety Services, Inc agreed to repay Lloyd Johnson the money if he would loan it to them. Lloyd Johnson agreed and loaned the Moseley's and Ameican Safety Sevices, Inc, $170,000.00 in October 2007. Lloyd Johnson then issued Michael Johnson $255,000 also in October 2007. After the case was settled, The Moseleys and American Safety Services, Inc breached their agreement with Lloyd Johnson regarding the repayment of the $170,000.00 loan and never paid Lloyd Johnson a penny towards the $170,000.00 he had graciously loaned them in October 2007.

Lloyd Johnson demanded that the Moseleys and American Safety Services, Inc pay their pro-rata share of the settlement amount but they refused. Lloyd Johnson was then forced to sue his daughter, Michelle Moseley and his son-in-law, Gene Moseley and American Safety Services, Inc. for breach of contract to pay their two-thirds of the settlement amount.

The case was dismissed on summary judgment, in part, on the basis that evidence of the oral contract for Lloyd Johnson to loan $170,000.00 to the Moseley's and American Safety Services, Inc

1

1  was made during the July 2007 mediation and therefore could not be admitted into evidence per the

2  Mediation Privilege.

3  On August 27, 2016, Lloyd Johnson passed away in Bakersfield, California. There is an

4  ongoing wrongful death lawsuit against Gene Moseley as being complicit in Lloyd Johnson's death.

5  Lloyd Johnson named Michael Johnson as executor of his estate in 1991. Michelle Moseley and her

6  husband, Gene Moseley, were largely left out of Lloyd Johnson's 1991 will codicil as beneficiaries.

7  The Moseley's instant Summons and Complaint comes on the heels of that revelation.

8

## II.  THE COURT HAS THE STATUTORY AUTHORITY TO QUASH THE SUMMONS

9      AND COMPLAINT

10  Pursuant to California Code of Civil Procedure section 418.10, "A defendant, on or before

11  the last day of his or her time to plead or within any further time that the court may for good cause

12  allow, may serve and file a notice of motion for one or more of the following purposes: (1) to quash

13  service of summons on the ground of lack of jurisdiction of the court over him or her."

14

15  California law is clear that without valid service of summons, the Court never acquires

16  jurisdiction over the defendant. Thus, the statutory ground for the Motion to Quash is that the Court

17  lacks jurisdiction over the defendant. (See Cal. Code of Civil Procedure § 418.10(a)(1).)

18  Proving the existence of jurisdiction is always plaintiff's burden of proof. Therefore, even

19  though defendant is the moving party on a Motion to Quash, the burden is on plaintiff to show valid

20  service under applicable law. (Dill v. Berquist Const. Co., Inc. (1994) 24 Cal.App.4th 1426, 1439-

21  1442.) As plainly stated by the Court in Dill:

22

23      In the absence of a voluntary submission to the authority of the court, compliance with the
        statutes governing service of process is essential to establish that court's personal jurisdiction

24      over a defendant. When a defendant challenges that jurisdiction by bringing a motion to
        quash, the burden is on the plaintiff to prove the existence of jurisdiction by proving, inter

25      alia, the facts requisite to an effective service. (Id. at 1439-1440; [emphasis added].)

26

27

28

1        Moreover, a defendant is under no duty to respond in any way to a defectively served

2 summons. A Defendant is under no legal obligation to respond to the defective summons until the

3 Plaintiff demonstrates validity of service by evidence. (Bolkiah v. Superior Court (1999) 74

4 Cal.App.4th984, 991). It makes no difference whether defendant had actual knowledge of the action,

5 as such knowledge does not dispense with statutory requirements for service of summons. (Kappel v.

6 Bartlett (1988) 200 Cal.App.3d 1457, 1466; Ruttenberg v. Ruttenberg (1997) 53 Cal.App.4th 801,

7
8 808.) As expressly held by the Court in Kappel:

9        Appellant was under no duty to act upon a defectively served summons. The requirement of
       notice is 'not satisfied by actual knowledge without notification confirmed to the statutory
10        requirements' [citation]; it is long-settled that methods of service are to be strictly construed
       and that a court does not acquire jurisdiction where personal service is relied upon but has
11        not in fact take place. (Id. at 1466-67)

12        As will be shown below Plaintiffs failed to comply with statutory requirements in serving the

13 Summons and Complaint, therefore, the Court must Quash Plaintiff's Summons and Complaint.

14

15 **III.**    **THE COURT MUST QUASH SERVICE OF THE SUMMONS AND COMPLAINT**
        **PURSUANT TO CALIFORNIA PROBATE CODE § 9351**
16

17        Plaintiffs failed to file their claims with the probate court, in Kern County Superior Court

18 Case No. BPB-16-003230, for the Estate of Lloyd Johnson prior to filing the instant summons and

19 complaint. This violates California Probate Code § 9351 which states, "An action may not be

20 commenced against a decedent's personal representative on a cause of action against the decedent

21 unless a claim is first filed as provided in this part and the claim is rejected in whole or in part."

22        Plaintiff's prayer for damages included in the complaint is a claim under California Probate

23
24 Code § 9000(a) which states, a "claim" is "a demand for payment" that includes any (a) liability of

25 the decedent (the person who has passed away) based on a contract, a tort, or otherwise."

26        Therefore, the current action is void.

27
3<br>MOTION TO QUASH SERVICE
28

1    While the Plaintiffs filed a claim against the Estate of Lloyd Dennis Johnson (KCSC Case

2   no. BPB-16-003230) on June 9, 2017 in the amount of $443,079.29, such claim is solely related to

3   alleged damages stemming from Kern County Superior Court Case No. S-1500-CV-274678-SPC

4   and Kern County Superior Court S-1500-CV-274173.  (Please see a true and correct copy of the

5   Plaintiff's claim filed in KCSC Case no. BPB-16-003230 attached as Exhibit "A" and incorporated

6   by reference.)

7    Even if the Plaintiff's attempt to file a claim at this stage in order to commence a new action,

8   that action would now be barred by CCP section 366.2, which provides that such action against the

9   decedent's estate must be filed within one-year from the date of death of the decedent.  And, an

10   action barred by California Code of Civil Procedure section 366.2, would likewise be invalid under

11   Probate Code section 9100 et seq. (See Probate code section 9100(c), which provides that no claim

12   barred by CCP section 366.2 is tolled, extended or revived).

13

14    Plaintiffs did not file a claim in probate court prior to filing their summons and complaint and

15   the time to file a claim in probate court has long passed. For these reasons, service of Plaintiffs'

16   summons and complaint must be quashed.

17

18   **IV.    THE COURT MUST QUASH SERVICE OF THE SUMMONS AND COMPLAINT
       PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE § 366.2**

19

20    Lloyd Johnson died on August 27, 2016. Plaintiff's summons and complaint was filed on

21   August 28, 2017 or 366 days. Close, but still not inside the statute of limitations. Code of Civil

22   Procedure § 366.2 states that any claims against a decedent must be brought within a year of the

23   decedent's death or they are forever barred. This is true even though the statute of limitations would

24   have been longer had the person survived. Further the rule applies regardless of whether you knew

25   the person died or not. Plaintiffs' summons and complaint was not filed within the 365 day time

26

27
                                    4
28

1   limit required by Code of Civil Procedure § 366.2 and therefore, service of Plaintiffs' summons and

2   complaint must be quashed.

3

4   **V.    THE COURT MUST QUASH SERVICE OF THE SUMMONS AND COMPLAINT PURSUANT TO CALIFORNIA RULES OF COURT, RULE 3.110**

5       Plaintiff's summons and complaint was filed on August 28, 2017. The proof of service of

6   summons filed with the court indicates that Michael Johnson was not personally served until one

7   hundred and two days later on December 8, 2017. Pursuant to California Rules of Court, Rule 3.110,

8   there is a time limit. Rule 3.110 (b) provides: "The complaint must be served on all named

9   defendants and proofs of service on those defendants must be filed with the court within 60 days

10  after the filing of the complaint.

11

12      The only way to extend the 60 day time period to serve a summons and complaint on a

13  defendant is for the plaintiff to move the court to extend the time to serve before the time for service

14  has elapsed. This, the plaintiffs did not do and cannot do at this time. This is set forth in California

15  Rules of Court, Rule 3.110 (e), which states, "The court, on its own motion or on the application of a

16  party, may extend or otherwise modify the times provided in (b)-(d). An application for a court order

17  extending the time to serve a pleading must be filed before the time for service has elapsed."

18

19      Defendant, Michael Johnson, personal representative of the Estate of Lloyd Johnson was not

20  served within the time limit required by California Rules of Court, Rule 3.110 (e). Therefore, service

21  of Plaintiffs' summons and complaint must be quashed.

22      It should be noted that Plaintiffs have also failed to serve any of the other defendants in this

23  case, namely Christman, Kelley & Clarke, A Texas corporation, Dugan Kelley, an individual and

24  Matthew Clarke, an individual.

25

26  ///

27
                                  5
                    MOTION TO QUASH SERVICE
28

1

## VI.   CONCLUSION

For the above stated reasons, specially appearing Defendant, Michael Johnson, personal

representative of the Estate of Lloyd Johnson respectfully requests the court to grant said

Defendant's Motion to Quash the Summons and Complaint filed by Plaintiff.

DATED: January 29, 2018

By _____
Michael Johnson, personal
representative of the Estate
of Lloyd Johnson

### DECLARATION OF MICHAEL JOHNSON

I, Michael Johnson, declare as follows:

1. I am a named defendant in this action. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2. In Lloyd Johnson's codicil to his will, I was named as executor of his estate.

3. The Court issued an Order for Probate on December 5, 2017, appointing me as Executor with full powers in my father's estate in Kern County Superior court Case No. BPB-16-003230 (A true and correct copy of the court's order is attached hereto as Exhibit "B".)

4. I was granted Letters of Authority as Personal Representative for Estate of Lloyd Johnson on December 5, 2017 in Kern County Superior court Case No. BPB-16-003230 (A true and correct copy of the Letters of Authority are attached hereto as Exhibit "C".)

5. Michelle Moseley and her husband, Gene Moseley, were largely left out of Lloyd Johnson's codicil to his will as beneficiaries.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on January 29, 2018, in Kissimmee, Florida

MICHAEL JOHNSON

7

MOTION TO QUASH SERVICE

## Exhibit "A"

DE-172

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

WILLIAM L. ALEXANDER (SBN 126607)
ALEXANDER & ASSOCIATES
1925 G Street
Bakersfield, CA 93301

ATTORNEY FOR *(Name)*: Gene Moseley; Michelle Moseley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
  STREET ADDRESS: 1215 Truxtun Avenue
  MAILING ADDRESS:
  CITY AND ZIP CODE: Bakersfield, CA 93301
  BRANCH NAME: METROPOLITAN DIVISION

FILED
KERN COUNTY

JUN 09 2017

TERRY McNALLY, CLERK
BY _____ DEPUTY

ESTATE OF *(Name)*:

LLOYD D. JOHNSON
DECEDENT

| CREDITOR'S CLAIM | CASE NUMBER: BPB-16-003230 |
|---|---|

You must file this claim with the court clerk at the court address above before the LATER of (a) four months after the date letters (authority to act for the estate) were first issued to the personal representative, or (b) sixty days after the date the *Notice of Administration* was given to the creditor, if notice was given as provided in Probate Code section 9051. You must also mail or deliver a copy of this claim to the personal representative and his or her attorney. A proof of service is on the reverse.
**WARNING:** Your claim will in most instances be invalid if you do not properly complete this form, file it on time with the court, and mail or deliver a copy to the personal representative and his or her attorney.

1. Total amount of the claim: $ 443,079.29
2. Claimant *(name)*: Gene Moseley and Michelle Moseley
   a. [✔] an individual
   b. [ ] an individual or entity doing business under the fictitious name of *(specify)*:

   c. [ ] a partnership. The person signing has authority to sign on behalf of the partnership.
   d. [ ] a corporation. The person signing has authority to sign on behalf of the corporation.
   e. [ ] other *(specify)*:
3. Address of claimant *(specify)*: 11211 Laverham Court
   Bakersfield, CA 93312
4. Claimant is [✔] the creditor [ ] a person acting on behalf of creditor *(state reason)*:

5. [ ] Claimant is [ ] the personal representative [ ] the attorney for the personal representative.
6. I am authorized to make this claim which is just and due or may become due. All payments on or offsets to the claim have been credited. Facts supporting the claim are [✔] on reverse [ ] attached.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: 6/1/17

GENE MOSELEY
*(TYPE OR PRINT NAME AND TITLE)*

▶ _____
*(SIGNATURE OF CLAIMANT)*

**INSTRUCTIONS TO CLAIMANT**

A. On the reverse, itemize the claim and show the date the service was rendered or the debt incurred. Describe the item or service in detail, and indicate the amount claimed for each item. Do not include debts incurred after the date of death, except funeral claims.
B. If the claim is not due or contingent, or the amount is not yet ascertainable, state the facts supporting the claim.
C. If the claim is secured by a note or other written instrument, the original or a copy must be attached *(state why original is unavailable)*. If secured by mortgage, deed of trust, or other lien on property that is of record, it is sufficient to describe the security and refer to the date or volume and page, and county where recorded. (See Prob. Code, § 9152.)
D. Mail or take this original claim to the court clerk's office for filing. If mailed, use certified mail, with return receipt requested.
E. Mail or deliver a copy to the personal representative and his or her attorney. Complete the *Proof of Mailing or Personal Delivery* on the reverse.
F. The personal representative or his or her attorney will notify you when your claim is allowed or rejected.
G. Claims against the estate by the personal representative and the attorney for the personal representative must be filed within the claim period allowed in Probate Code section 9100. See the notice box above.

*(Continued on reverse)*

Form Approved by the
Judicial Council of California
DE-172 [Rev. January 1, 1998]

**CREDITOR'S CLAIM**
**(Probate)**

Probate Code, §§ 9000 et seq., 9153

| ESTATE OF (Name): LLOYD D. JOHNSON | DECEDENT | CASE NUMBER BPB-16-003230 |
|---|---|---|

## FACTS SUPPORTING THE CREDITOR'S CLAIM
☐ See attachment (if space is insufficient)

| Date of item | Item and supporting facts | Amount claimed |
|---|---|---|
| 04/13/2016 | Judgment in Kern County Superior Court, Case No. BCV-15-100352, with interest at the legal rate through 5/31/2017 | $4,067.45 |
| 5/26/2016 | Judgment in Kern County Superior Court, Case No. S-1500-CV-274173, with interest at the legal rate through 5/26/2017. | $10,330.36 |
| Present | Litigation pending in Kern County Superior Court, Case No. S-1500-CV-274678. Costs incurred in connection with action exceed $132,000.00. Damages sought in the cross-complaint total $191,407.63, plus interest at the legal rate since November 14, 2011. Interest as of May 14, 2017 is $105,273.85. | $428,681.48 |

The total amount stated for this claim is continuing to increase as litigation continues and attorneys' fees are incurred and interest continues to accrue.

**TOTAL:** $ 443,079.29

**PROOF OF** ☑ **MAILING** ☐ **PERSONAL DELIVERY**   **TO PERSONAL REPRESENTATIVE**
*(Be sure to mail or take the original to the court clerk's office for filing)*

1. I am the creditor or a person acting on behalf of the creditor. At the time of mailing or delivery I was at least 18 years of age.
2. My residence or business address is (specify): 1925 G Street, BAKERSFIELD, CA

3. I mailed or personally delivered a copy of this *Creditor's Claim* to the personal representative as follows (check either a or b below):
   a. ☑ Mail. I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ deposited the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☑ placed the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed first-class as follows:
         (a) Name of personal representative served: Joseph S. Pearl, Esq.
         (b) Address on envelope: 1400 Chester Avenue, Suite 1, BAKERSFIELD, CA 93301
         (c) Date of mailing: June 1, 2017
         (d) Place of mailing (city and state): Bakersfield, CA 93301
   b. ☐ Personal delivery. I personally delivered a copy of the claim to the personal representative as follows:
      (1) Name of personal representative served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: June 1, 2017

Paula Davis
(TYPE OR PRINT NAME OF CLAIMANT) ▶ *[signature]* (SIGNATURE OF CLAIMANT)

DE-172 [Rev. January 1, 1998]   **CREDITOR'S CLAIM (Probate)**   Page two

**Exhibit "B"**

DEC 04 2017

DE-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Joseph S. Pearl, Esq. (SBN: 250177)   (661) 281-0253
Joseph S. Pearl, LL.M. - APLC        (661) 281-0254
1400 Chester Ave., Suite I
Bakersfield, CA 93301
ATTORNEY FOR *(Name):* Michael A. Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1215 Truxtun Ave.
MAILING ADDRESS: 1215 Truxtun Ave.
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Div./Justice Building

ESTATE OF *(Name):* LLOYD D. JOHNSON, also known as
Lloyd Dennis Johnson and Lloyd Johnson
                                              DECEDENT

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

DEC 0 5 2017

TERRY McNALLY, CLERK
BY _____ DEPUTY

| ORDER FOR PROBATE | CASE NUMBER: |
|---|---|

**ORDER FOR PROBATE**

ORDER
APPOINTING
[X] Executor
[ ] Administrator with Will Annexed
[ ] Administrator   [ ] Special Administrator
[X] Order Authorizing Independent Administration of Estate
[X] with full authority  [ ] with limited authority

CASE NUMBER:
BPB-16-003230

## WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.

1. Date of hearing: 10/19/2017    Time: 9:00 a.m.   Dept./Room: Div. P   Judge: Hon. Alisa R. Knight,
THE COURT FINDS                                                                    Commissioner

2. a. All notices required by law have been given.
   b. Decedent died on *(date):* 08/27/2016
      (1) [X] a resident of the California county named above.
      (2) [ ] a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) [ ] intestate
      (2) [X] testate
      and decedent's will dated: 04/12/79        and each codicil dated: 06/30/91
      was admitted to probate by Minute Order on *(date):*   10/19/2017

THE COURT ORDERS

3. *(Name):* Michael A. Johnson
   is appointed personal representative:
   a. [X] executor of the decedent's will          d. [ ] special administrator
   b. [ ] administrator with will annexed               (1) [ ] with general powers
   c. [ ] administrator                                 (2) [ ] with special powers as specified in Attachment 3d(2)
                                                        (3) [ ] without notice of hearing
                                                        (4) [ ] letters will expire on *(date):*

   and letters shall issue on qualification.

4. a. [X] Full authority is granted to administer the estate under the Independent Administration of Estates Act.
   b. [ ] Limited authority is granted to administer the estate under the Independent Administration of Estates Act (there is no
          authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or
          (3) borrow money with the loan secured by an encumbrance upon real property).

5. a. [X] Bond is not required.
   b. [ ] Bond is fixed at: $                              to be furnished by an authorized surety company or as otherwise
          provided by law.
   c. [ ] Deposits of: $                                  are ordered to be placed in a blocked account at *(specify institution and
          location):*
          and receipts shall be filed. No withdrawals shall be made without a court order. [X] Additional orders in Attachment 5c.
   d. [ ] The personal representative is not authorized to take possession of money or any other property without a specific court order.

6. [X] *(Name):* Michael Burger                        is appointed probate referee.

Date:

7. Number of pages attached: __1__

JUDGE OF THE SUPERIOR COURT
[X] SIGNATURE FOLLOWS LAST ATTACHMENT

Form Approved by the
Judicial Council of California
DE-140 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

Probate Code, §§ 8006, 8400

## Attachment 5c

Cause set for compliance hearing re: either a report of status of
administrator pursuant to PC 12200 et seq. or petition to close estate
on 10/25/2018 at 9:00 am. in Division P. No appearance necessary if
filed. Hearing to be vacated.

Dated: 12/5/2017

Hon. Alisa R. Knight, Commissioner
of the Superior Court

# Exhibit "C"

DE-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Joseph S. Pearl, Esq.   (SBN: 250177)
Joseph S. Pearl, LL.M - APLC
1400 Chester Ave., Suite I
Bakersfield, California 93301

TELEPHONE AND FAX NOS.:
(661) 281-0253
F:(661) 281-0254

FOR COURT USE ONLY

OCT 26 2017

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

DEC 05 2017

TERRY McNALLY, CLERK
BY_____ DEPUTY

ATTORNEY FOR (Name):  Michael A. Johnson
SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1215 Truxtun Ave.
MAILING ADDRESS: 1215 Truxtun Ave.
CITY AND ZIP CODE: Bakersfield, CA  93301
BRANCH NAME: Metropolitan Division/Justice Building

ESTATE OF (Name): LLOYD D. JOHNSON, also known as
Lloyd Dennis Johnson and Lloyd Johnson,                     DECEDENT

LETTERS
[X] TESTAMENTARY              [ ] OF ADMINISTRATION
[ ] OF ADMINISTRATION WITH WILL ANNEXED  [ ] SPECIAL ADMINISTRATION

CASE NUMBER:
BPB-16-003230

## LETTERS

1. [X] The last will of the decedent named above having
been proved, the court appoints (name):
        Michael A. Johnson
   a. [X] executor.
   b. [ ] administrator with will annexed.

2. [ ] The court appoints (name):

   a. [ ] administrator of the decedent's estate.
   b. [ ] special administrator of decedent's estate
      (1) [ ] with the special powers specified
          in the Order for Probate.
      (2) [ ] with the powers of a general
          administrator.
      (3) [ ] letters will expire on (date):

3. [X] The personal representative is authorized to administer
the estate under the Independent Administration of
Estates Act   [X] with full authority
       [ ] with limited authority (no authority, without
court supervision, to (1) sell or exchange real property
or (2) grant an option to purchase real property or (3)
borrow money with the loan secured by an
encumbrance upon real property).

4. [ ] The personal representative is not authorized to take
possession of money or any other property without a
specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)                      Date: DEC 05 2017

Clerk, by TERRY McNALLY

_____ (DEPUTY)

## AFFIRMATION

1. [ ] PUBLIC ADMINISTRATOR: No affirmation required
   (Prob. Code, § 7621(c)).

2. [X] INDIVIDUAL: I solemnly affirm that I will perform the
   duties of personal representative according to law.

3. [ ] INSTITUTIONAL FIDUCIARY (name):

   I solemnly affirm that the institution will perform the
   duties of personal representative according to law.
   I make this affirmation for myself as an individual and
   on behalf of the institution as an officer.
   (Name and title):

4. Executed on (date): 10-20-2017
   at (place): Bakersfield                    , California.

   ▶ Michael a. John_____
                    (SIGNATURE)

## CERTIFICATION

I certify that this document is a correct copy of the original on
file in my office and the letters issued the personal representa-
tive appointed above have not been revoked, annulled, or set
aside, and are still in full force and effect.

Date: DEC 06 2017

Clerk, by TERRY McNALLY

_____ (DEPUTY)

D. NEBRIDA

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

LETTERS
(Probate)

Probate Code, §§ 1001, 8403,
8405, 8544, 8545,
Code of Civil Procedure, § 2015.6



1  Joseph S. Pearl, Esq. (SBN 250177)
   Joseph S. Pearl, LL.M. - APLC
2  1400 Chester Ave., Suite I
3  Bakersfield, CA 93301
   (661) 281-0253
4
   Attorney for Michael A. Johnson,
5  Executor of the Estate of
6  Lloyd Dennis Johnson

7           SUPERIOR COURT OF THE STATE OF CALIFORNIA

8        FOR THE COUNTY OF KERN - METROPOLITAN DIVISION

9
10  GENE MOSELEY, an individual;        )   Case No.: BCV-17-101994
    MICHELLE MOSELEY, an               )
11                                     )
    individual;                        )
12                                     )
13          Plaintiff,                 )   DECLARATION OF JOSEPH S. PEARL
                                       )   IN SUPPORT OF MICHAEL A.
14  vs.                                )   JOHNSON'S MOTION TO QUASH
                                       )   SERVICE OF SUMMONS AND COMPLANT
15  MICHAEL JOHNSON, personal          )
16  representative of the ESTATE OF    )
    LLOYD JOHNON; CHRISTMAN KELLEY     )
17  & CLARKE, a Texas corporation;     )
    DUGAN KELLEY, an individual;       )   Date:  March 1, 2018
18  MATTHEW CLARKE, an individual;     )   Time:  8:30 a.m.
19  and DOES 1 through 20,             )   Dept.  10
    inclusive,                         )   Judge: Hon. Stephen D. Schuett
20                                     )
            Defendants.                )
21  _____)

22  Declaration of Joseph S. Pearl, Esq.

23      1.   I am licensed to practice in all courts in the State
24
    of California.
25
26      2.   I represent Michael A. Johnson, in the administration
27  of the Estate of Lloyd Dennis Johnson, Deceased (Kern County
28
                                1

        DECLARATION OF JOSEPH S. PEARL IN SUPPORT OF MICHAEL A. JOHNSON'S
            MOTION TO QUASH SERVICE OF SUMMONS AND COMPLANT

1    Superior Court Case no. BPB-16-003230).

2        3.    I do not represent Michael A. Johnson as Personal

3    Representative of The Estate Of Lloyd Johnson in the instant

4    Kern County Superior Court Case No.BCV-17-101994 (Moseley v.

5    

6    Johnson).

7        4.    I have practiced law over 10 years in Bakersfield,

8    California, with more than 7 of those 10 years devoted

9    substantially to the practice of Probate law.

10   

11       5.    The following is provided in support of Michael A.

12   Johnson's, Motion To Quash in the above-captioned case:

13       6.    Under California Probate Code Section 9351, a

14   creditor's claim against a California estate must be filed with

15   the court and rejected by the estate's Personal Representative

16   before a lawsuit can be filed or proceed against a decedent's

17   

18   estate.    Probate Code Section 9351 provides:

19           "An action may not be commenced against a decedent s
             personal representative on a cause of action against
20           the decedent unless a claim is first filed as provided
             in this part and the claim is rejected in whole or in
21           part".

22       7.    While the Plaintiffs filed a claim against the Estate

23   

24   of Lloyd Dennis Johnson (KCSC Case no. BPB-16-003230) on

25   June 9, 2017 in the amount of $443,079.29, such claim is solely

26   related to alleged damages stemming from Kern County Superior

27   Court Case No. S-1500-CV-274678-SPC and Kern County Superior

28   

2

1  Court S-1500-CV-274173. (Please see a true and correct copy of

2  the Plaintiffs' claim filed in KCSC Case no. BPB-16-003230

3  attached as **Exhibit "A"** and incorporated by reference.)

4

5      8.    Nothing in the Plaintiffs' claim refers to the instant

6  malicious prosecution case or any alleged damages arising

7  therefrom.

8      9.    As such, the damages requested in Kern County Superior

9  Court Case No.BCV-17-101994 (Moseley v. Johnson) are new damages

10
   alleged by the Moseleys which are above and beyond amounts
11

12 specified in each of the Moseley filed claims against the Estate

13 of Lloyd Dennis Johnson.

14     10.    Therefore, under California Probate Code section 9351,

15
   the filing of a separate claim with regard to the damages sought
16

17 in Kern County Superior Court Case No.BCV-17-101994 must have

18 occurred prior to the filing of their malicious prosecution

19 complaint.

20     11.    Even if the Plaintiffs attempt to file a claim at this

21
   stage in order to commence a new action, that action would now
22

23 be barred by Code of Civil Procedure section 366.2, which

24 provides that such action against the decedent's estate must be

25 filed within one-year after the date of death of the decedent.

26     12.    Moreover, an action barred by California Code of Civil

27 Procedure section 366.2 would likewise be invalid under Probate

28

                                    3

1  Code section 9100 et seq. (See Probate code section 9100(c),

2  which provides that no claim barred by CCP section 366.2 is

3  tolled, extended or revived).

4

5      13.    Accordingly, the Plaintiffs Gene Moseley and Michelle

6  Moseley improperly brought the instant case in violation of

7  Probate code section 9351 and are now barred from filing a new

8  claim and action to cover damages alleged in this case.

9      I declare under penalty of perjury under the laws of the

10  State of California that the foregoing is true and correct.

11

12  Date:  1-29-18  _____

13                 Joseph S. Pearl

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## Exhibit "A"

DE-172

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>WILLIAM L. ALEXANDER (SBN 126607)<br>ALEXANDER & ASSOCIATES<br>1925 G Street<br>Bakersfield, CA 93301 | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY FOR (Name): Gene Moseley; Michelle Moseley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: METROPOLITAN DIVISION

FILED
KERN COUNTY

JUN 0 9 2017

TERRY ~~McNALLY~~, CLERK
BY _____ DEPUTY

| ESTATE OF (Name):<br><br>LLOYD D. JOHNSON | DECEDENT |
|---|---|

| CREDITOR'S CLAIM | CASE NUMBER:<br>BPB-16-003230 |
|---|---|

You must file this claim with the court clerk at the court address above before the LATER of (a) four months after the date letters (authority to act for the estate) were first issued to the personal representative, or (b) sixty days after the date the *Notice of Administration* was given to the creditor, if notice was given as provided in Probate Code section 9051. You must also mail or deliver a copy of this claim to the personal representative and his or her attorney. A proof of service is on the reverse.

**WARNING:** Your claim will in most instances be invalid if you do not properly complete this form, file it on time with the court, and mail or deliver a copy to the personal representative and his or her attorney.

1. Total amount of the claim: $ 443,079.29
2. Claimant (name): Gene Moseley and Michelle Moseley
   a. ☑ an individual
   b. ☐ an individual or entity doing business under the fictitious name of (specify):

   c. ☐ a partnership. The person signing has authority to sign on behalf of the partnership.
   d. ☐ a corporation. The person signing has authority to sign on behalf of the corporation.
   e. ☐ other (specify):
3. Address of claimant (specify): 11211 Laverham Court
                                   Bakersfield, CA 93312
4. Claimant is ☑ the creditor ☐ a person acting on behalf of creditor (state reason):

5. ☐ Claimant is ☐ the personal representative ☐ the attorney for the personal representative.
6. I am authorized to make this claim which is just and due or may become due. All payments on or offsets to the claim have been credited. Facts supporting the claim are ☑ on reverse ☐ attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 6/1/17

GENE MOSELEY
(TYPE OR PRINT NAME AND TITLE)

▶ _____
(SIGNATURE OF CLAIMANT)

**INSTRUCTIONS TO CLAIMANT**

A. On the reverse, itemize the claim and show the date the service was rendered or the debt incurred. Describe the item or service in detail, and indicate the amount claimed for each item. Do not include debts incurred after the date of death, except funeral claims.
B. If the claim is not due or contingent, or the amount is not yet ascertainable, state the facts supporting the claim.
C. If the claim is secured by a note or other written instrument, the original or a copy must be attached (state why original is unavailable.) If secured by mortgage, deed of trust, or other lien on property that is of record, it is sufficient to describe the security and refer to the date or volume and page, and county where recorded. (See Prob. Code, § 9152.)
D. Mail or take this original claim to the court clerk's office for filing. If mailed, use certified mail, with return receipt requested.
E. Mail or deliver a copy to the personal representative and his or her attorney. Complete the *Proof of Mailing or Personal Delivery* on the reverse.
F. The personal representative or his or her attorney will notify you when your claim is allowed or rejected.
G. Claims against the estate by the personal representative and the attorney for the personal representative must be filed within the claim period allowed in Probate Code section 9100. See the notice box above.

(Continued on reverse)

| Form Approved by the<br>Judicial Council of California<br>DE-172 [Rev. January 1, 1998] | CREDITOR'S CLAIM<br>(Probate) | Probate Code, §§ 9000 et seq., 9153 |
|---|---|---|

| ESTATE OF *(Name)*: LLOYD D. JOHNSON | | DECEDENT | CASE NUMBER BPB-16-003230 |
| --- | --- | --- | --- |

| | FACTS SUPPORTING THE CREDITOR'S CLAIM ☐ See attachment *(if space is insufficient)* | |
| --- | --- | --- |
| Date of item | Item and supporting facts | Amount claimed |
| 04/13/2016 | Judgment in Kern County Superior Court, Case No. BCV-15-100352, with interest at the legal rate through 5/31/2017 | $4,067.45 |
| 5/26/2016 | Judgment in Kern County Superior Court, Case No. S-1500-CV-274173, with interest at the legal rate through 5/26/2017. | $10,330.36 |
| Present | Litigation pending in Kern County Superior Court, Case No. S-1500-CV-274678. Costs incurred in connection with action exceed $132,000.00. Damages sought in the cross-complaint total $191,407.63, plus interest at the legal rate since November 14, 2011. Interest as of May 14, 2017 is $105,273.85. | $428,681.48 |
| | The total amount stated for this claim is continuing to increase as litigation continues and attorneys' fees are incurred and interest continues to accrue. **TOTAL:** | **$ 443,079.29** |

**PROOF OF** ☑ **MAILING** ☐ **PERSONAL DELIVERY** **TO PERSONAL REPRESENTATIVE**
*(Be sure to mail or take the original to the court clerk's office for filing)*

1. I am the creditor or a person acting on behalf of the creditor. At the time of mailing or delivery I was at least 18 years of age.
2. My residence or business address is *(specify)*: 1925 G Street, BAKERSFIELD, CA

3. I mailed or personally delivered a copy of this *Creditor's Claim* to the personal representative as follows *(check either a or b below)*:
   a. ☑ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ deposited the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☑ placed the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed first-class as follows:
         (a) Name of personal representative served: Joseph S. Pearl, Esq.
         (b) Address on envelope: 1400 Chester Avenue, Suite 1, BAKERSFIELD, CA 93301
         (c) Date of mailing: June 1, 2017
         (d) Place of mailing *(city and state)*: Bakersfield, CA 93301
   b. ☐ **Personal delivery.** I personally delivered a copy of the claim to the personal representative as follows:
      (1) Name of personal representative served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: June 1, 2017

Paula Davis
*(TYPE OR PRINT NAME OF CLAIMANT)*                              *(SIGNATURE OF CLAIMANT)*

DE-172 [Rev. January 1, 1998]                **CREDITOR'S CLAIM**                Page two
                                                  *(Probate)*

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I am a citizen of the United States and a resident of the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1400 Chester, Ste. I, Bakersfield, California 93301. My e-mail address is jpearl@jpearlaw.com

On **JANUARY 29, 2018**, I served the foregoing document described as follows:

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT; DECLARATION OF MICHAEL JOHNSON; DECLARATION OF JOSEPH S. PEARL; EXHIBITS

____X____   by placing the true copies thereof as stated on the attached Service List

_____   by placing the original addressed as stated on the attached Service List.

____X____   **BY MAIL**   I enclosed such documents in sealed envelope(s) with the name(s) and address(s) of the person(s) served as shown on the envelope(s) and caused such envelopes to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

____ **ELECTRONIC SERVICE:**   On _____ at _____ p.m. the documents listed above were served electronically to _____at the following e-mail address: _____.com

____   **BY FACSIMILE**   I placed such document in a facsimile machine (pursuant to California Rules of court, Rule 2.301(3) on _____, at _____, with the fax number of (661) _____. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to California Rules of Court, Rule 2.306(g).

1

2     _____ By second day delivery via Federal Express.

3

_____     **BY PERSONAL SERVICE**     I caused such envelope(s) to be delivered by hand to the

4          offices of the addressee(s).

5

6     Executed on January 29, 2018 at Bakersfield, California

7

8          I declare under penalty of perjury under the laws of the State of California that the above

9     is true and correct.

10

11

12                                                                 Joseph S. Pearl

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2                          **SERVICE LIST**
3                      **KCSC NO. BCV-17-101994**
4
   Michele and Gene Moseley
5  11211 Laverham Ct.
   Bakersfield, California 93312
6
7  Christman, Kelley and Clark
   301 South Coleman
8  Street Suite 20
   Prosper, Texas 75078
9
   Dugan Kelley
10 301 South Coleman
11 Street Suite 20
   Prosper, Texas 75078
12
13 Matthew Clark
   301 South Coleman
14 Street Suite 20
   Prosper, Texas 75078
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gene Moseley, in pro per**
**Michelle Moseley, in pro per**
11211 Laverham Court
Bakersfield, CA 93312
(661) 303-5802

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

FEB 15 2018

TERRY McNALLY, CLERK
BY _____ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN

METROPOLITAN DIVISION

| | |
|---|---|
| GENE MOSELEY, an Individual, and MICHELLE MOSELEY, an Individual, ) ) | Case No. BCV-17-101994 |
| ) ) | **OPPOSITION TO MOTION TO QUASH** |
| Plaintiffs, ) | **SERVICE OF SUMMONS AND** |
| vs. ) | **COMPLAINT** |
| ) | |
| MICHAEL JOHNSON, personal representative ) of the estate of LLOYD JOHNSON, ) CHRISTMAN, KELLEY AND CLARKE, a ) Professional Corporation; MATHEW CLARKE, ) an individual; DUGAN KELLEY, an individual, ) and DOES 1 through 20, inclusive ) | Date:   March 1, 2018 Time:   8:30 a.m. Dept.:   10 Judge:   Honorable Stephen D. Schuett Action Filed: August 25, 2017 |
| ) | |
| Defendants. ) ) ) | |

## I.   FACTUAL BACKGROUND

In 2007, Michael Johnson filed a lawsuit in Santa Barbara County against Lloyd and Polly Johnson, Gene and Michelle Moseley, and ASSI, and Lloyd and Polly Johnson filed an unlawful detainer action against Michael Johnson (collectively referred to as the "Santa Barbara litigation").

Shortly after the Santa Barbara litigation was filed, the parties agreed to mediation. At the mediation, the parties reached a global resolution of all litigation pending between them (hereinafter the "Settlement Agreement"). The Settlement Agreement required Lloyd and Polly Johnson, the Moseleys,

and ASSI to "collectively" pay Michael Johnson the sum of $255,000, and required Michael Johnson to transfer his 10% ownership interest in ASSI to Lloyd Johnson.

The parties signed the written Settlement Agreement at the mediation. Thereafter, Michael Johnson received payment of the $255,000.00 and transferred his 10% ownership in ASSI to Lloyd Johnson.

On or about May 19, 2009, Lloyd Johnson, by way of his attorney, R. Christopher Kroes, sent a letter to the Moseleys wherein he demanded that the Moseleys repay Lloyd Johnson for the Moseleys' alleged portion of the $255,000 Settlement Agreement amount (i.e. $170,000).

Neither the Moseleys, nor ASSI made any payment to Lloyd Johnson pursuant to the demand. Thereafter, over two years after the May 19, 2009 demand was made, on July 15, 2011, Michael Johnson, as assignee of Lloyd Johnson, filed the underlying action against ASSI, and Gene and Michelle Moseley in the Kern County Superior Court entitled *Johnson v. Moseley, et al.,* case number S-1500-CV-274173 (hereinafter the "Action") for breach of written contract and common counts.

After multiple demurrers, amended complaints, and a revocation of the assignment, on May 20, 2015, Lloyd Johnson filed a Third Amended Complaint in the underlying action, which eliminated all previous causes of action and alleged five new causes of action. That Third Amended Complaint was signed by Matthew Mong, Esq. of Christman, Kelley & Clarke, PC, counsel of record for Plaintiff in the underlying action.

In response to that Third Amended Complaint, the Moseleys filed a demurrer, which was sustained without leave to amend as to all causes of action except Breach of Oral Contract. Thus, the Breach of Oral Contract cause of action was all that remained.

Based on deficiencies in the Underlying Action's Third Amended Complaint, the Moseleys filed a Motion for Summary Judgment. This Motion was heard on or about January 29, 2015.

On or about April 13, 2016, the Court granted the Moseley's Motion for Summary Judgment on the Underlying Action. Thereafter, after a lengthy appeal process wherein Lloyd Johnson failed to file his opening brief, on or about August 22, 2017, the Fifth Appellate District dismissed the appeal and a remittitur was entered on August 22, 2017.

1   This Action was then filed three days later, on August 25, 2018, two days before the one year

2   anniversary of Lloyd Johnson's death.

3   II.    **LEGAL ANALYSIS**

4       a.  **Strick Adherence to the Probate Code Would Have Caused the Moseleys, in Filing

5           this Action, to Violate the Statute of Limitations Promulgated in *CCP* §366.2**

6       *Code of Civil Procedure* §366.2, provides a one year statute of limitations for the filing of the

7   instant Complaint against decedent Lloyd Johnson. Thus, because Lloyd Johnson died on August 27,

8   2016, under this statute, the Moseleys had until August 27, 2017 to file their Complaint.

9       However, *Probate Code* 9351 states: "an action may not be commenced against a decedents

10  personal representative on a cause of action against the decedent unless a claim is first filed as provided

11  in this part and the claim is rejected in whole or in part." Thus, this section of the probate code appears

12  to forbid the Moseleys from filing the instant action until the claim for damages alleged within this

13  action were rejected. However, this case involves a claim for malicious prosecution where *final

14  adjudication on the merits of the underlying action in the Moseleys' favor is an element of the tort* and

15  the *appeal of the granting of the Moseleys' Summary Judgment on the underlying action prevented

16  the required element of a final adjudication from occurring until Remittur on Appeal was Issued on

17  August 22, 2017.* Thus, the filing of a malicious prosecution cause of action, or a creditor's claim for

18  damages sought within a malicious prosecution cause of action would have been premature prior to a

19  final adjudication of the underlying action. (*Friedman v. Stadum* (1985) 171 Cal.App.3d 775, 778–

20  779.) Accordingly, the instant malicious prosecution cause of action, and any creditor's claim based

21  on the damages suffered therefrom, could not be filed prior to August 22, 2017.

22      Based on the foregoing, and as explained in detail below, if the Moseleys had waited to file a

23  creditor's claim on the damages sought in the instant complaint until those damages had accrued (i.e.

24  after it was finally determined that the Moseleys were the prevailing party in the underlying action),

25  *CCP* §366.2 would have barred the filing of the instant action.

26          *i.  Law and Procedure Governing Creditor's Claims*

27      *Probate Code* §9100 promulgates the timeframe in which to file a proper creditor's claim.

28  That section states, in relevant part:

"(a) A creditor shall file a claim before expiration of the later of the following times:

   (1) Four months after the date letters are first issued to a general personal representative.

   (2) Sixty days after the date notice of administration is mailed or personally delivered to the creditor. *Nothing in this paragraph extends the time provided in Section 366.2 of the Code of Civil Procedure*...

(c) Nothing in this section shall be interpreted to extend or toll any other statute of limitations or to revive a claim that is barred by any statute of limitations. *The reference in this subdivision to a "statute of limitations" includes Section 366.2 of the Code of Civil Procedure.*" (Emphasis added.)

Based on this statute, a creditor's claim for the damages sought in the instant action could be filed either before the expiration of four months after December 5, 2017, the date Michael Johnson was appointed personal representative of Lloyd Johnson's estate, or 60 days after a notice of administration is mailed or personally delivered to the Moseleys. Here, because no notice of administration has been mailed or personally delivered to the Moseleys, notwithstanding the statute of limitations set in *CCP* §366.2, the Moseleys are still within the time period to file a creditor's claim for the damages claimed in the instant action.

   Further, *Probate Code* §9256 states: If within 30 days after a claim is filed the personal representative or the court or judge has refused or neglected to act on the claim, the refusal or neglect may, at the option of the creditor, be deemed equivalent to giving a notice of rejection on the 30th day.

   If the creditor's claim is rejected, *Probate Code* §9250 provides the proper manner in which to provide notice to the creditor of such rejection. That section states, in relevant part:

   "(a) When a claim is filed, the personal representative shall allow or reject the claim in whole or in part.

   (b) The allowance or rejection shall be in writing.   The personal representative shall file the allowance or rejection with the court clerk and give notice to the creditor as provided in Part 2 (commencing with Section 1200 ) of Division 3, together with a copy of the allowance or rejection.

   (c) The allowance or rejection shall contain the following information:...
      (8) A statement that the creditor has 90 days in which to act on a rejected claim."

### ii. Analysis of Probate Code §§9100, 9250, 9256 and 9351

Here, as stated above, Lloyd Johnson died on August 27, 2016. Thereafter, almost one year later, on August 22, 2017, the Court of Appeal issued its Remittur on Appeal of the underlying action. Thus, the Moseleys became the prevailing party in the underlying action and could, only at that point in time, seek to obtain damages from Lloyd Johnson for malicious prosecution.

Three days after becoming the prevailing party in the underlying action, and just two days prior to the CCP §366.2 statute of limitations expiring, the Moseleys filed the instant Complaint without filing a creditor's claim.

A claim, if filed, could not have been treated as rejected by the Moseleys for a minimum of 30 days (Probate Code §9256), and could not have been rejected by Lloyd Johnson's personal representative until after December 5, 2017, the date Michael Johnson was appointed personal representative. Accordingly, assuming the Moseleys had filed a creditor's claim on the date Remitter was Issued, strict adherence to the Probate Code would have caused the Moseleys to delay the filing of this action until, at a minimum, September 21, 2017 (30 days after Remittur was Issued), which is beyond the date the statute of limitations, set by CCP §366.2, runs.

Additionally, once rejected, the Moseleys would have only had 90 days in which to file a Complaint. Thus, ASSI was left in the position of either timely filing the instant action without a creditor's claim, or filing a creditor's claim, waiting for the claim to be rejected, and then have the claim potentially barred by CCP §366.2's one (1) year statute of limitations.

### b. If the Court finds that the claim-filing statute applies, the Court should likewise conclude that equity excuses noncompliance.

Where appropriate, equity can vitiate the creditor-claim statute. (Satterfield v. Garmire (1967) 65 Cal.2d 638; See also Estate of Prindle (2009) 173 Cal.App.4th 119.) Here it would be inequitable to not allow the Moseleys' claim to proceed. The Moseleys were placed in the position of either filing a creditor's claim after the Appellate Court Issued Remittur on Appeal, and allowing the statute of limitations to expire, or filing the lawsuit within the statute of limitations without first filing a creditor's claim. ASSI was in a no win situation, and based on that situation, decided to take the lesser of two evils road (i.e. not allowing the statute of limitations to expire).

As explained below, should ASSI have chosen the other road, and timely filed a creditor's claim, it would have likely been barred from filing the malicious prosecution cause of action. For example, assuming the Moseleys filed a creditor's claim the day after Lloyd Johnson died, on August 27, 2016, and that claim was rejected in whole or in part at any time between August 27, 2016, and May 23, 2017, pursuant to Probate Code §9250(c)(8), the Moseleys would have been required to file the malicious prosecution cause of action within 90 days of such rejection. Any such filing within 90 days of any time after to May 23, 2017, would have been premature, as the Court of Appeal had not yet issued Remittur on Appeal in the underlying matter. Thus, by timely filing a creditor's claim, ASSI would essentially be gambling that such a claim would not be rejected prior to May 23, 2017.

## c. The Moseleys May Still File a Creditor's Claim and Refile this Action

Alternatively, if this Court determines that equities are not supported with allowing this claim to proceed, the Moseleys respectfully requests the Court find that California *Code of Civil Procedure* §366.2 is inapplicable to this matter. That Section states:

> "(a) If a person against whom an action may be brought on a liability of the person, whether arising in contract, tort, or otherwise, and **whether accrued or not accrued**, dies before the expiration of the applicable limitations period, and the cause of action survives, an action may be commenced within one year after the date of death, and the limitations period that would have been applicable does not apply.
>
> (b) The limitations period provided in this section for commencement of an action shall not be tolled or extended for any reason except as provided in any of the following, where applicable:
>
> 1) Sections 12, 12a, and 12b of this code.
>
> 2) Part 4 (commencing with Section 9000) of Division 7 of the Probate Code (creditor claims in administration of estates of decedents).
>
> 3) Part 8 (commencing with Section 19000) of Division 9 of the Probate Code (payment of claims, debts, and expenses from revocable trust of deceased settlor).
>
> 4) Former Part 3 (commencing with Section 21300) of Division 11 of the Probate Code (no contest clauses), as that part read prior to its repeal by Chapter 174 of the Statutes of 2008.

OPPOSITION TO MOTION TO QUASH SERVICE

(c) This section applies to actions brought on liabilities of persons dying on or after January 1, 1993." (Emphasis Added.)

As Emphasized above, Section 366.2 includes the phrase "whether accrued or not accrued." The Court of Appeal in *Dacey v. Taraday* (2011) 196 Cal.App.4th, 962, clarified that the words "not accrued" referred to claims fully accrued, but not accrued until after the decedent's death under the delayed discovery rule. (*Id.* at 983.) Said another way, the breach or misconduct must occur prior to the decedent's death, but the claim does not have to be discovered while the decedent is alive. (*Id* at 982.)

Here, the requisite cause of action did not accrue prior to the Decedent's death. This case involves a claim for malicious prosecution where final adjudication on the merits in the malicious prosecution plaintiff's favor is an element of the tort and where an appeal prevents the required element of a final adjudication from accruing. The pendency of an appeal from the judgment in the underlying action prevents the maintenance of a malicious prosecution action based on that judgment." (*Feld v. Western Land & Development Co.* (1992) 2 Cal.App.4th 1328, 1334; see also *Rare Coin Galleries Inc. v. A-Mark Coin Co., Inc.* (1988) 202 Cal.App.3d 330, 335 ["the pendency of an appeal from the judgment in the underlying action prevents the maintenance of a malicious prosecution action based on that judgment"]; *Gibbs v. Haight, Dickinson, Brown & Bonesteel* (1986) 183 Cal.App.3d 716, 721 [" 'a civil action for malicious prosecution will not lie while an appeal in the underlying action is pending'"].) Put simply, accrual cannot occur where the plaintiff does not have the right to maintain an action. "Generally, a cause of action accrues when, under the substantive law, the wrongful act is done and liability arises, i.e., when a suit may be brought." (*Menefee v. Ostawari* (1991) 228 Cal.App.3d 239, 245.)

Based on the foregoing, in order for *CCP* §366.2 to apply, accrual of the Malicious Prosecution Cause of Action would have required that Remittur on Appeal be issued prior to Lloyd Johnson's death. Here, as explained above, Remittur on Appeal for the underlying action was issued almost one year after Lloyd Johnson had passed away. Accordingly, no cause of action for Malicious Prosecution could have been asserted against Lloyd Johnson during his lifetime and *CCP* §366.2 is inapplicable.

## CONCLUSION

Gene and Michell Moseley respectfully requests that, if the Court determines that the claim-filing statute applies, the Court likewise conclude that equity excuses non-compliance. In the alternative, if the Court finds that equity does not excuse non-compliance with the claim-filing statute, the Moseleys respectfully requests that the Court find that *CCP* §366.2 does not apply to this Complaint and allow the Moseleys to dismiss Michael Johnson, as personal representative of the estate of Lloyd Johnson, without prejudice.

Date: February 15, 2017

By: _____
Gene Moseley
Michelly Moseley
In Pro Per

8

OPPOSITION TO MOTION TO QUASH SERVICE

## PROOF OF SERVICE
(1013a, 2015.5)

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3215 Fruitvale Avenue, Bakersfield, CA 93308.

On **February 15, 2018,** I served the foregoing documents described as: **OPPOSITION TO MOTION TO QUASH SERVICE**

on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes and/or packages addressed as follows:

Michael Johnson                                      Personal Representative for the Estate of Lloyd Johnson

___    BY MAIL:    I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

Michael Johnson                                      Personal Representative for the Estate of Lloyd Johnson

__X__    BY E-MAIL:    I caused the foregoing document to be served by e-mail to the email address last given by the person so served and listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 15, 2018, at Bakersfield, California.

_Kim Hicks_
Kim Hicks

ELECTRONICALLY FILED
2/22/2018 3:53 PM
Kern County Superior Court
Terry McNally
By Gracie Goodson, Deputy

1   *Specially appearing pro se*, MICHAEL JOHNSON,
2   personal representative of the ESTATE OF
    LLOYD JOHNSON
3   623 Front Street, #5206
    Kissimmee, Florida 34747
4   (407) 897-9710

5              SUPERIOR COURT OF THE STATE OF CALIFORNIA

6          FOR THE COUNTY OF KERN – METROPOLITAN DIVISION

7

8   GENE MOSELEY, an individual;                )
9   MICHELLE MOSELEY, an individual,            )   Case No.: BCV-17-101994 TSC
                                                )
10                                              )
             Plaintiff,                         )
11                                              )   REPLY TO OPPOSITION TO MOTION FOR
    vs.                                         )   TO QUASH SERVICE OF SUMMONS AND
12                                              )   COMPLAINT
13  MICHAEL JOHNSON, personal                   )
    representative of the ESTATE OF LLOYD       )
14  JOHNSON; CHRISTMAN KELLEY &                 )   Date:  March 1, 2018
    CLARKE, a Texas corporation; DUGAN          )   Time:  8:30 a.m.
15  KELLEY, an individual; MATTHEW              )   Dept. 10
    CLARKE, an individual; and DOES 1 through   )   Judge: Hon. Stephen D. Schuett
16  20, inclusive,                              )
17                                              )
             Defendants.                        )
18

19  **I.    INTRODUCTION**

20        American Safety Services, Inc. was founded by decedent Lloyd Johnson in 1991.

21  Michelle Johnson-Moseley and her husband, Gene Moseley, are the majority shareholders of

22  American Safety Services, Inc. (The remaining shares are still in the possession of defendant,

23  Michael Johnson, despite the Moseleys' ungainly attempts to obtain them.) Plaintiffs' opposition

24  papers are nothing more than Michelle Johnson's and her husband's brazen attempt to

25  circumvent the last will and testament of Michelle's father, Lloyd Johnson. She was largely cut

26  out of her father's and completely cut out of her mother's will and testament in 2017 and now

27  Michelle is mad! Defendant's Motion to Quash Service was grounded in the law while the

28  plaintiff's opposition papers are grounded in the majority shareholders of American Safety

                                           1

1    Services, Inc. wailing, "It's not faaair!"  The court should decline plaintiff's invitation to ignore

2    the plain language of the applicable statutes and grant defendant's Motion to Quash Service.

3

**II.    PLAINTIFFS COULD HAVE, BUT DID NOT, TOLL THE STATUTE OF**

4        **LIMITATIONS SET FORTH IN CCP § 366.2 AND NO EQUITABLE RELIEF IS AVAILABLE**

5

6        In what is a comedy of errors by plaintiffs starts off with the simple fact that plaintiffs

7    could have tolled the very statute that now prevents them from maintaining this action against

8    defendant.

9        Plaintiffs cite *Code of Civil Procedure* § 366.2 for setting forth "a one year statute of

10    limitations for the filing of the instant Complaint against decedent Lloyd Johnson." (See

11    Opposition to Motion, pg. 33, lines 14-15.)  Plaintiffs' opposition papers also acknowledge that

12    *Probate Code* § 9351 requires that "an action may not commenced against a decedent's personal

13    representative on a cause of action against the decedent unless a claim is first filed as provided in

14    this part and the claim is rejected in whole or in part."  Plaintiffs then argue that this isn't faaair

15    because they had to wait for a final adjudication of their underlying case which did not occur

16    until August 22, 2017.

17        However, plaintiffs would have the court ignore the *Probate Code* § 9352 which plainly

18    gave plaintiff the means to file a claim and toll the statute of limitations included in *Code of Civil*

19    *Procedure* § 366.2 – if only they had turned the page from *Probate Code* §9351.  For Probate

20    Code § 9352(a) states:

21

22             The filing of a claim or a petition under *Probate Code Section* 9103 to file a claim

23             tolls the statute of limitations otherwise applicable to the claim until allowance, approval, or rejection.

24

25        Therefore, all plaintiffs had to do was file a creditor claim and the one-year statute of

26    limitations related to plaintiffs' malicious prosecution action would have been tolled, subject to

27    the further requirements under the Probate Code.  But they didn't.

28

So, plaintiffs try an end-run around the statute of limitations requirement found in Code of *Civil Procedure* § 366.2 and ask for equitable relief. But even that won't help them here since the only possible equitable relief that can be granted is through the doctrine of Equitable Estoppel, which requires that a defendant must act to induce a plaintiff to not timely file a claim. (See *Battuello v Battuello* (1998) 64 Cal.App.4th 842, 843; 75 Cal.Rptr.2d 548.) Not surprisingly, nowhere in plaintiffs' opposition papers are any such allegations against defendant.

## III. PLAINTIFFS ARE BARRED BY THE STATUTE OF LIMITATIONS INCLUDED IN PROBATE CODE § 9100

Plaintiffs' opposition papers admit that *Probate Code* § 9100 doesn't allow for any extensions to the one year statute. Plaintiffs then argue that the earliest that their claim could have been denied would been after the statute of limitations period included in *Code of Civil Procedure* § 366.2 would have run. But that ignores the provisions found in *Probate Code* § 9352(a) recited above. Further, plaintiffs' opposition papers admit that Michael Johnson was appointed as the personal representative of the estate of Lloyd Johnson on December 5, 2017. Michael Johnson caused to be mailed out notices of administration to potential creditors, including plaintiffs on January 18, 2017 after he received Letters of Special Administrator for the estate of Lloyd Johnson on January 10, 2017. Creditor claims were received by the estate of Lloyd Johnson beginning February 2017. (Please see declaration of Michael A. Johnson filed concurrently).

What's more, on June 9, 2017, Plaintiffs even filed a creditor claim in decedent's estate, which was based on a different liability of the decedent (a true and correct copy of said claim is attached as **Exhibit "A"** and incorporated by reference). Plaintiffs' assertion that they never received notice is just another ploy by Michelle Johnson and her husband to get their hands on any money in her father's estate.

Likewise, plaintiffs incorrectly cite case law for the point that only a claim accruing during the life of a decedent may be maintained. (See Opposition pg. 7, lines 13-18.) However, this is a red herring. In any case, the court in *Kizer v. Hanna* (1989) 48 Cal.3d 1, 255 Cal.Rptr.

3

1  412 stated, "notwithstanding the literal language of *Probate Code* § 9000, a reasonable

2  interpretation of "claim" would include liabilities arising after, as well as before, a decedent's

3  death."

### IV.  PLAINTIFFS BLEW THE STATUTE OF LIMITATIONS INCLUDED IN PROBATE CODE § 9100 BECAUSE THEY DIDN'T BOTHER TO READ PROBATE CODE § 9000(a)

Now for the big lie. Plaintiffs' opposition papers state, "the granting of the Moseleys'

Summary Judgment on the underlying action prevented the required element of a final

adjudication from occurring until Remittur on Appeal was issued on August 22, 2017."

However, *Probate Code* § 9000(a) states:

> "Claim" means a demand for payment for any of the following, whether due, not due, accrued or not accrued, or contingent, and whether liquidated or unliquidated"

*Section* 9000(a) clearly indicates that it doesn't matter whether or not plaintiffs' claims

had accrued prior to filing a creditor claim. There is no "required element of a final

adjudication" included in *Probate Code* § 9000(a). Plaintiffs did not have to wait until August

22, 2017, to file a creditor's claim against the decedent. The case law cited in plaintiffs'

opposition papers is not apposite. Plaintiffs argue that an action for malicious prosecution

cannot be "maintained" during the pendency of appeal. But that is not the point. The Codes cited

above indicate that plaintiffs blew their opportunity to file a creditor claim which would allowed

plaintiffs time to then file a malicious prosecution action against defendant. Plaintiffs

complaining otherwise should be ignored by this court as it is no one's fault but their own that

their action cannot be maintained. Finally, accrued or not accrued causes of action against a

decedent that existed at the time of death must be timely filed. (See *Bradley v. Breen* (1999) 73

Cal.App.4th 798.)

Because plaintiffs failed to adhere to the requirement included in the Probate Code

concerning creditor claims, the complaint should be stricken.

4

V.  **CONCLUSION**

For the above stated reasons, specially appearing Defendant, Michael Johnson, personal representative of the Estate of Lloyd Johnson respectfully requests the court to grant said Defendant's Motion to Quash the Summons and Complaint filed by Plaintiffs.

DATED: February 22, 2018

By

Michael Johnson, personal
representative of the Estate
of Lloyd Johnson

5

1   *Specially appearing pro se*, MICHAEL JOHNSON,
    personal representative of the ESTATE OF
2   LLOYD JOHNSON
    623 Front Street, #5206
3   Kissimmee, Florida 34747
    (407) 897-9710
4

5               SUPERIOR COURT OF THE STATE OF CALIFORNIA

6            FOR THE COUNTY OF KERN – METROPOLITAN DIVISION

7

8                                    )
9   GENE MOSELEY, an individual;      )   Case No.: BCV-17-101994
    MICHELLE MOSELEY, an individual,  )
10                                    )
11           Plaintiff,               )
                                      )   DECLARATION OF MICHAEL A.
12  vs.                               )   JOHNSON IN SUPPORT OF REPLY TO
                                      )   OPPOSITION TO MOTION TO QUASH
13  MICHAEL JOHNSON, personal         )   SERVICE OF SUMMONS AND
    representative of the ESTATE OF LLOYD )   COMPLAINT
14  JOHNON; CHRISTMAN KELLEY &        )
    CLARKE, a Texas corporation; DUGAN )
15  KELLEY, an individual; MATTHEW    )
    CLARKE, an individual; and DOES 1 through )   Date:  March 1, 2018
16  20, inclusive,                    )   Time:  8:30 a.m.
17                                    )   Dept.  10
            Defendants.               )   Judge: Hon. Stephen D. Schuett
18                                    )
19

20  I, Michael Johnson, declare as follows:

21      1.  I am a named defendant in this action. I have personal knowledge of the facts set forth

22  herein and, if called as a witness, I could and would competently thereto.

23
24      2.  In Lloyd Johnson's codicil to his will, I was named executor of his estate.

25      3.  I caused to be mailed Notices Of Administration to potential creditors, including

26  plaintiffs Gene Moseley and Michelle Moseley on January 18, 2017 after I received Letters of

27  Special Administrator for the estate of my father Lloyd Johnson on or about January 10, 2017.

28
                                          1

    DECLARATION OF MICHAEL A. JOHNSON IN SUPPORT OF REPLY TO OPPOSITION TO MOTION TO
                      QUASH SERVICE OF SUMMONS AND COMPLAINT

1  Creditor claims, by other creditors we're received by Joseph S. Pearl, attorney representing the

2  Estate Of Lloyd Johnson beginning February 2017.( a true an correct copy of the Notice Of

3  Administration mailed to plaintiffs Gene Moseley and Michelle Moseley on January 18, 2017 is

4  attached hereto as **EXHIBIT "A."**

5
     4.  The Court issued an Order for Probate on December 5, 2017, appointing me as Executor
6
   with full powers in my father's estate in Kern County court Case No. BPB-16-003230 (a true and
7
   correct copy of the court's order is attached hereto as **EXHIBIT "B."**
8

9      5.  I was granted Letters of Authority as Personal Representative for The Estate Of Lloyd

10  Johnson on December 5, 2017 in Kern County Superior court Case No. BPB-16-003230. (a true

11  and correct copy of the Letters of Authority are attached hereto as **EXHIBIT "C".**

12
     6.  Michelle Johnson-Moseley and her husband, Gene Moseley, we're largely left out of
13
   Lloyd Johnson's codicil to his will as beneficiaries and Michelle Johnson-Moseley was left out
14
   entirely of Polly Johnson's 2017 will as a beneficiary.
15

16  I declare under penalty of perjury under the laws of the State of California that the foregoing is

17  true and correct, and that this declaration is executed on February 21, 2018, in Kissimmee,

18  Florida.

19

20                                  Michael Johnson, personal
21                                  representative of the Estate
                                    of Lloyd Johnson
22

23

24

25

26

27

28

                                    2

# Exhibit "A"

DE-157

## NOTICE OF ADMINISTRATION
## OF THE ESTATE OF

Lloyd Dennis Johnson
(NAME)

## DECEDENT

### NOTICE TO CREDITORS

1. *(Name):* Michael Johnson

   *(Address):* 12101 Red Rose Way, Bakersfield, California 93312

   *(Telephone):* 805-709-2164

   is the personal representative of the ESTATE OF *(name):*   Lloyd Dennis Johnson   , who is deceased.

2. The personal representative HAS BEGUN ADMINISTRATION of the decedent's estate in the

   a. SUPERIOR COURT OF CALIFORNIA, COUNTY OF *(specify):* Kern
   STREET ADDRESS: 1215 Truxton Avenue
   MAILING ADDRESS: 1215 Truxton Avenue
   CITY AND ZIP CODE: Bakersfield 93301
   BRANCH NAME: Metropolitan Division Justice Building

   b. Case number *(specify):* BPB-16-003230

3. You must FILE YOUR CLAIM with the court clerk (address in item 2a) AND mail or deliver a copy to the personal representative before the **last to occur** of the following dates:

   a. **four months after** *(date):* [                    ] , the date letters (authority to act for the estate) were first issued to a general personal representative, as defined in subdivision (b) of section 58 of the California Probate Code, OR

   b. **60 days after** *(date):* [   January 18, 2017   ] , the date this notice was mailed or personally delivered to you.

4. LATE CLAIMS: If you do not file your claim within the time required by law, you must file a petition with the court for permission to file a late claim as provided in Probate Code section 9103. Not all claims are eligible for additional time to file. See section 9103(a).

   EFFECT OF OTHER LAWS: Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.

   WHERE TO GET A CREDITOR'S CLAIM FORM: If a *Creditor's Claim* (form DE-172) did not accompany this notice, you may obtain a copy of the form from any superior court clerk or from the person who sent you this notice. You may also access a fillable version of the form on the Internet at *www.courts.ca.gov/forms* under the form group Probate—Decedents' Estates. A letter to the court stating your claim is *not* sufficient.
   FAILURE TO FILE A CLAIM: Failure to file a claim with the court and serve a copy of the claim on the personal representative will in most instances invalidate your claim.
   IF YOU MAIL YOUR CLAIM: If you use the mail to file your claim with the court, for your protection you should send your claim by certified mail, with return receipt requested. If you use the mail to serve a copy of your claim on the personal representative, you should also use certified mail.

   Note: To assist the creditor and the court, please send a blank copy of the *Creditor's Claim* form with this notice.

(Proof of Service by Mail on reverse)

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
DE-157 [Rev. January 1, 2013]

## NOTICE OF ADMINISTRATION TO CREDITORS
(Probate—Decedents' Estates)

Probate Code, §§ 9050, 9052
www.courts.ca.gov

DE-157

| ESTATE OF *(Name):* | CASE NUMBER: |
|---|---|
| Lloyd Dennis Johnson                    DECEDENT | BPB-16-003230 |

**[Optional]**
### PROOF OF SERVICE BY MAIL

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred.
2. My residence or business address is *(specify):* 2553  S.  Samoran, BLV. Apt 1931  Orlando  FL.  32822.

3. I served the foregoing *Notice of Administration to Creditors* ☑ and a blank *Creditor's Claim* form* on each person named below by enclosing a copy in an envelope addressed as shown below AND
   a. ☑ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ placing the envelope for collection and mailing on the date and at the place shown in item 4 following our ordinary business practices. I am readily familiar with the business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

4. a. Date of deposit: January 18, 2017 b. Place of deposit *(city and state):* Orlando, FL.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 18, 2017.

Johanna Salas
_____          ▶ _____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF DECLARANT)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

| Name of person | Address *(number, street, city, state, and zip code)* |
|---|---|
| 1. Gene Moseley | 11211 Laverham Ct, Bakersfield, California 93312 |
| 2. Michelle Moseley | 11211 Laverham Ct, Bakersfield, California 93312 |
| 3. | |
| 4. | |
| 5. | |
| 6. | |
| 7. | |
| 8. | |

☐ List of names and addresses continued in attachment. *(You may use form POS-30(P) to show additional persons to whom a copy of this notice was mailed. Do not use page 2 of this form or form POS-030(P) to show that you personally delivered a copy of this notice to a creditor. You may use forms POS-020 and POS-020(P) for that purpose.)*

* NOTE: To assist the creditor and the court, please send a blank copy of the Creditor's Claim (form DE-172) with the notice.

DE-157 [Rev. January 1, 2013]

**NOTICE OF ADMINISTRATION TO CREDITORS**
*(Probate—Decedents' Estates)*

# EXHIBIT "B"

DE-150

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | TELEPHONE AND FAX NOS.: | *FOR COURT USE ONLY* |
|---|---|---|

Joseph S. Pearl, Esq.    (SBN: 250177)     (661) 281-0253
Joseph S. Pearl, LL.M - APLC           F: (661) 281-0254
1400 Chester Ave., Suite I
Bakersfield, California 93301

ATTORNEY FOR *(Name)*:  Michael A. Johnson
SUPERIOR COURT OF CALIFORNIA, COUNTY OF  KERN
STREET ADDRESS: 1215 Truxtun Ave.
MAILING ADDRESS: 1215 Truxtun Ave.
CITY AND ZIP CODE: Bakersfield, CA  93301
BRANCH NAME: Metropolitan Division/Justice Building

*FOR COURT USE ONLY*

OCT 26

FILED
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

DEC 0 5 2017

TERRY McNALLY, CLERK
BY_____ DEPUTY

ESTATE OF *(Name)*: LLOYD D. JOHNSON, also known as
Lloyd Dennis Johnson and Lloyd Johnson,                     DECEDENT

| LETTERS | CASE NUMBER: |
|---|---|
| [X] TESTAMENTARY  [ ] OF ADMINISTRATION<br>[ ] OF ADMINISTRATION WITH WILL ANNEXED  [ ] SPECIAL ADMINISTRATION | BPB-16-003230 |

### LETTERS

1. [X] The last will of the decedent named above having been proved, the court appoints *(name)*:
    Michael A. Johnson
    a. [X] executor.
    b. [ ] administrator with will annexed.

2. [ ] The court appoints *(name)*:

    a. [ ] administrator of the decedent's estate.
    b. [ ] special administrator of decedent's estate
        (1) [ ] with the special powers specified in the *Order for Probate.*
        (2) [ ] with the powers of a general administrator.
        (3) [ ] letters will expire on *(date)*:

3. [X] The personal representative is authorized to administer the estate under the Independent Administration of Estates Act  [X] with full authority.
    [ ] with limited authority (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property).

4. [ ] The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

(SEAL)    Date: DEC 0 5 2017

Clerk, by TERRY McNALLY

_____ (DEPUTY)

### AFFIRMATION

1. [ ] PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. [X] INDIVIDUAL: I solemnly affirm that I will perform the duties of personal representative according to law.

3. [ ] INSTITUTIONAL FIDUCIARY *(name)*:

    I solemnly affirm that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
    *(Name and title)*:

4. [ ] Executed on *(date)*: 10 - 20 - 2017
    at *(place)*: Bakersfield                    , California.

► _Michael a Johns_
(SIGNATURE)

### CERTIFICATION

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

Date: DEC 0 6 2017

(SEAL)

Clerk, by TERRY McNALLY

_____ (DEPUTY)
D. NEBRIDA

Form Approved by the
Judicial Council of California
DE-150 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

LETTERS
(Probate)

Probate Code, §§ 1001, 8403,
8405, 8544, 8545;
Code of Civil Procedure, § 2015.6



# EXHIBIT "C"

DE-140

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Stephen L. Snow                116250
SNOW LAW CORP.
28212 Kelly Johnson Parkway, Suite 195
Valencia,                        CA   91355

TELEPHONE AND FAX NOS.:
(661)259-9443
(661)259-9393

ATTORNEY FOR (Name): Polly Ann Johnson and Michael A. Johnson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS: 1215 Truxtun Avenue
CITY AND ZIP CODE: Bakersfield                        CA      93301
BRANCH NAME: Metropolitan Division Justice Building

ESTATE OF (Name): Lloyd D. Johnson, also known as Lloyd Dennis
Johnson and Lloyd Johnson
                                                    DECEDENT

FOR COURT USE ONLY

F I L E D
KERN COUNTY

JAN 1 0 2017

TERRY McNALLY, CLERK
BY_____DEPUTY

**ORDER FOR PROBATE**

| ORDER APPOINTING | ☐ Executor |
|---|---|
| | ☐ Administrator with Will Annexed |
| | ☐ Administrator   ☒ Special Administrator |

☐ Order Authorizing Independent Administration of Estate
   ☐ with full authority   ☐ with limited authority

CASE NUMBER:
BPB-16-003230

**WARNING: THIS APPOINTMENT IS NOT EFFECTIVE UNTIL LETTERS HAVE ISSUED.**

1. Date of hearing:                    Time: 9:00a.m.         Dept./Room: P         Judge:

THE COURT FINDS                                    **SUBMITTED EX PARTE**
2. a. All notices required by law have been given.
   b. Decedent died on (date): August 27, 2016
      (1) ☒ a resident of the California county named above.
      (2) ☐ a nonresident of California and left an estate in the county named above.
   c. Decedent died
      (1) ☐ intestate
      (2) ☒ testate
      and decedent's will dated: April 12, 1979       and each codicil dated: June 30, 1991
      was admitted to probate by Minute Order on (date):

THE COURT ORDERS
3. (Name): Michael A. Johnson
   is appointed personal representative:
   a. ☐ executor of the decedent's will
   b. ☐ administrator with will annexed
   c. ☐ administrator

   d. ☒ special administrator
      (1) ☐ with general powers
      (2) ☒ with special powers as specified in Attachment 3d(2)
      (3) ☒ without notice of hearing
      (4) ☒ letters will expire on (date):   MAR 2 3 2017

   and letters shall issue on qualification.
4. a. ☐ Full authority is granted to administer the estate under the Independent Administration of Estates Act.
   b. ☐ Limited authority is granted to administer the estate under the Independent Administration of Estates Act (there is no
      authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or
      (3) borrow money with the loan secured by an encumbrance upon real property).
5. a. ☒ Bond is not required.
   b. ☐ Bond is fixed at: $                              to be furnished by an authorized surety company or as otherwise
      provided by law.
   c. ☐ Deposits of: $                              are ordered to be placed in a blocked account at (specify institution and
      location):
      and receipts shall be filed. No withdrawals shall be made without a court order. ☐ Additional orders in Attachment 5c.
   d. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.
6. ☒ (Name): MICHAEL BURGER                              is appointed probate referee.

Date:

7. Number of pages attached: 2

JUDGE OF THE SUPERIOR COURT
☒ SIGNATURE FOLLOWS LAST ATTACHMENT

Form Approved by the
Judicial Council of California
DE-140 [Rev. January 1, 1998]
Mandatory Form [1/1/2000]

**ORDER FOR PROBATE**

CEB

Probate Code, §§ 8006, 8400

Attachment 3d(2)

Estate of Lloyd D. Johnson
Order Appointing Special Administrator
(Kern County Superior Court Case No. BPB-16-003230)

Attachment 3d(2)
(special powers)

Besides the powers in Probate Code §8544(a), the special administrator is granted:

1.    The power to commence and maintain actions and proceedings (including appeals) for the benefit of the estate.

2.    The power to compromise or settle a claim, action, or proceeding by or for the benefit of the estate.

3.    The power to hire legal counsel to represent the estate regarding any claim, action, or proceeding by or for the benefit of the estate.

4.    The power to hire experts for the benefit of the estate and to support legal counsel.

IT IS SO ORDERED.

Date:    JAN 10 2017

DAWN BITTLESTON
JUDGE PRO TEMPORE

Attachment 3d(2)

**EXHIBIT "D"**

DE-172

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
| --- | --- | --- |

WILLIAM L. ALEXANDER (SBN 126607)
ALEXANDER & ASSOCIATES
1925 G Street
Bakersfield, CA 93301

ATTORNEY FOR *(Name):* Gene Moseley; Michelle Moseley

SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
STREET ADDRESS: 1215 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: METROPOLITAN DIVISION

JUN 0 9 2017

FILED
KERN COUNTY

JUN 09 2017

TERRY McNALLY, CLERK
BY _____ DEPUTY

ESTATE OF *(Name):*

LLOYD D. JOHNSON

DECEDENT

| CREDITOR'S CLAIM | CASE NUMBER: BPB-16-003230 |
| --- | --- |

You must file this claim with the court clerk at the court address above before the LATER of (a) four months after the date letters (authority to act for the estate) were first issued to the personal representative, or (b) sixty days after the date the *Notice of Administration* was given to the creditor, if notice was given as provided in Probate Code section 9051. You must also mail or deliver a copy of this claim to the personal representative and his or her attorney. A proof of service is on the reverse.
**WARNING:** Your claim will in most instances be invalid if you do not properly complete this form, file it on time with the court, and mail or deliver a copy to the personal representative and his or her attorney.

1. Total amount of the claim: $ 443,079.29
2. Claimant *(name):* Gene Moseley and Michelle Moseley
   a. ☑ an individual
   b. ☐ an individual or entity doing business under the fictitious name of *(specify):*

   c. ☐ a partnership. The person signing has authority to sign on behalf of the partnership.
   d. ☐ a corporation. The person signing has authority to sign on behalf of the corporation.
   e. ☐ other *(specify):*
3. Address of claimant *(specify):* 11211 Laverham Court
   Bakersfield, CA 93312
4. Claimant is ☑ the creditor ☐ a person acting on behalf of creditor *(state reason):*

5. ☐ Claimant is ☐ the personal representative ☐ the attorney for the personal representative.
6. I am authorized to make this claim which is just and due or may become due. All payments on or offsets to the claim have been credited. Facts supporting the claim are ☑ on reverse ☐ attached.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 6/1/17

GENE MOSELEY
*(TYPE OR PRINT NAME AND TITLE)*

_____
*(SIGNATURE OF CLAIMANT)*

**INSTRUCTIONS TO CLAIMANT**

A. On the reverse, itemize the claim and show the date the service was rendered or the debt incurred. Describe the item or service in detail, and indicate the amount claimed for each item. Do not include debts incurred after the date of death, except funeral claims.
B. If the claim is not due or contingent, or the amount is not yet ascertainable, state the facts supporting the claim.
C. If the claim is secured by a note or other written instrument, the original or a copy must be attached *(state why original is unavailable.)* If secured by mortgage, deed of trust, or other lien on property that is of record, it is sufficient to describe the security and refer to the date or volume and page, and county where recorded. *(See Prob. Code, § 9152.)*
D. Mail or take this original claim to the court clerk's office for filing. If mailed, use certified mail, with return receipt requested.
E. Mail or deliver a copy to the personal representative and his or her attorney. Complete the *Proof of Mailing or Personal Delivery* on the reverse.
F. The personal representative or his or her attorney will notify you when your claim is allowed or rejected.
G. Claims against the estate by the personal representative and the attorney for the personal representative must be filed within the claim period allowed in Probate Code section 9100. See the notice box above.

*(Continued on reverse)*

| Form Approved by the Judicial Council of California DE-172 [Rev. January 1, 1998] | CREDITOR'S CLAIM (Probate) | Probate Code, §§ 9000 et seq., 9153 |
| --- | --- | --- |

| ESTATE OF *(Name):* | | CASE NUMBER |
|---|---|---|
| LLOYD D. JOHNSON | DECEDENT | BPB-16-003230 |

| | FACTS SUPPORTING THE CREDITOR'S CLAIM<br>☐ See attachment *(if space is insufficient)* | |
|---|---|---|
| Date of item | Item and supporting facts | Amount claimed |
| 04/13/2016 | Judgment in Kern County Superior Court, Case No. BCV-15-100352, with interest at the legal rate through 5/31/2017 | $4,067.45 |
| 5/26/2016 | Judgment in Kern County Superior Court, Case No. S-1500-CV-274173, with interest at the legal rate through 5/26/2017. | $10,330.36 |
| Present | Litigation pending in Kern County Superior Court, Case No. S-1500-CV-274678. Costs incurred in connection with action exceed $132,000.00. Damages sought in the cross-complaint total $191,407.63, plus interest at the legal rate since November 14, 2011. Interest as of May 14, 2017 is $105,273.85. | $428,681.48 |

The total amount stated for this claim is continuing to increase as litigation continues and attorneys' fees are incurred and interest continues to accrue.

**TOTAL:** | $ | 443,079.29

**PROOF OF** ☑ **MAILING** ☐ **PERSONAL DELIVERY** **TO PERSONAL REPRESENTATIVE**
*(Be sure to mail or take the original to the court clerk's office for filing)*

1. I am the creditor or a person acting on behalf of the creditor. At the time of mailing or delivery I was at least 18 years of age.
2. My residence or business address is (specify): 1925 G Street, BAKERSFIELD, CA
3. I mailed or personally delivered a copy of this *Creditor's Claim* to the personal representative as follows *(check either a or b below):*
   a. ☑ **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope AND
         (a) ☐ deposited the sealed envelope with the United States Postal Service with the postage fully prepaid.
         (b) ☑ placed the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed first-class as follows:
         (a) Name of personal representative served: Joseph S. Pearl, Esq.
         (b) Address on envelope: 1400 Chester Avenue, Suite 1, BAKERSFIELD, CA 93301
         (c) Date of mailing: June 1, 2017
         (d) Place of mailing *(city and state):* Bakersfield, CA 93301
   b. ☐ **Personal delivery.** I personally delivered a copy of the claim to the personal representative as follows:
      (1) Name of personal representative served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 1, 2017

► *(signature)*

**Paula Davis**
*(TYPE OR PRINT NAME OF CLAIMANT)* (SIGNATURE OF CLAIMANT)

DE-172 [Rev. January 1, 1998]

**CREDITOR'S CLAIM**
(Probate)

Page two

## PROOF OF SERVICE (C.C.P. §§ 1013a, 2015.5)

I am employed in the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1925 G Street, Bakersfield, California.

On June 1, 2017, I served the foregoing document entitled **Creditors Claim** on interested parties as follows:

      Joseph S. Pearl, Esq.
      1400 Chester Ave., Suite I
      Bakersfield, CA 93301

_X_ by placing true copies thereof in sealed envelopes addressed as stated on the attached mailing list.

__ By placing _ the original _x_ a true copy thereof, in sealed envelopes addressed as follows:

_X_ BY MAIL

__ I deposited such envelope in the mail at Bakersfield, California, with postage thereon fully prepaid.

__ I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. The above sealed envelopes were placed for collection and mailing on the above date following ordinary business practice.

___ BY PERSONAL SERVICE I caused such envelope to be delivered by hand to the offices of the addressee(s):

      Executed on June 1, 2017, at Bakersfield, California.

_xx_ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                            PAULA DAVIS

Jeunnder & Associates
Attorneys at Law
1925 G Street
Bakersfield, CA 93301
(661) 316-7888

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF KERN**

I am a citizen of the United States and a resident of the County of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is 1400 Chester, Ste. I, Bakersfield, California 93301. My e-mail address is jpearl@jpearlaw.com

On **February 22, 2018**, I served the foregoing document described as follows:

REPLY TO OPPOSITION TO MOTION FOR TO QUASH SERVICE OF SUMMONS AND COMPLAINT

  __X__      by placing the true copies thereof as stated on the attached Service List

  _____      by placing the original addressed as stated on the attached Service List.

  __X__      **BY MAIL**   I enclosed such documents in sealed envelope(s) with the name(s) and address(s) of the person(s) served as shown on the envelope(s) and caused such envelopes to be deposited in the mail at Bakersfield, California. The envelope(s) was/were mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

  **_____ELECTRONIC SERVICE:**   On _____ at _____ p.m. the documents listed above were served electronically to _____ at the following e-mail address: _____.com

  _____    **BY FACSIMILE**   I placed such document in a facsimile machine (pursuant to California Rules of court, Rule 2.301(3) on _____, at _____, with the fax number of (661) _____. Upon facsimile transmission of the document, I obtained a report from the transmitting facsimile machine stating that the facsimile transmission was complete and without error. A copy of the transmission report is attached to this Proof of Service pursuant to California Rules of Court, Rule 2.306(g).

1  ____ By second day delivery via Federal Express.

2

3  ____  **BY PERSONAL SERVICE**   I caused such envelope(s) to be delivered by hand to the
         offices of the addressee(s).

4

5  Executed on February 22, 2018 at Bakersfield, California

6

7       I declare under penalty of perjury under the laws of the State of California that the above

8  is true and correct.

9

10

11                                                      _____

12                                                      Joseph S. Pearl

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2                                    **SERVICE LIST**

3                              **KCSC NO. BCV-17-101994**

4     Michele and Gene Moseley
5     11211 Laverham Ct.
      Bakersfield, California 93312
6
7     Christman, Kelley and Clark
      301 South Coleman
8     Street Suite 20
      Prosper, Texas 75078
9
10    Dugan Kelley
      301 South Coleman
11    Street Suite 20
      Prosper, Texas 75078
12
13    Matthew Clark
      301 South Coleman
14    Street Suite 20
      Prosper, Texas 75078
15

16

17

18

19

20

21

22

23

24

25

26

27

28



**Superior Court of California**
**County of Kern**
**Bakersfield Department 10**

Date:    02/23/2018                                    Time:   8:00 AM - 5:00 PM

BCV-17-101994
MOSELEY VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON

### *Courtroom Staff*

| | | | |
|---|---|---|---|
| Honorable: | Stephen D. Schuett | Clerk: | G GOODSON |
| Court reporter: | NONE | Bailiff: | NONE |
| Interpreter: | | Language of: | |

---

### NATURE OF PROCEEDINGS: RULING

- UPON THE COURT'S OWN MOTION, THE MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT FILED 1/29/18 AND SET FOR HEARING ON 3/1/18 IS VOID. MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON FAILED TO PAY THE REQUIRED FIRST APPEARANCE FEE AS OF 2/22/18.

MOTION TO QUASH ON 3/1/18 IS VACATED.

MINUTE ORDER MAILED TO ALL PARTIES AS STATED ON THE ATTACHED CERTIFICATE OF MAILING.

---

*MINUTE ORDER FINALIZED BY:*    GRACIE GOODSON                                    ON:    FEBRUARY 23, 2018

**MOSELEY VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON**
BCV-17-101994

### CERTIFICATE OF MAILING

The undersigned, of said Kern County, certify: That I am a Deputy Clerk of the Superior Court of the State of California, in and for the County of Kern, that I am a citizen of the United States, over 18 years of age, I reside in or am employed in the County of Kern, and not a party to the within action, that I served the *Minute Order dated  February 23, 2018* attached hereto on all interested parties and any respective counsel of record in the within action by depositing true copies thereof, enclosed in a sealed envelope(s) with postage fully prepaid and placed for collection and mailing on this date, following standard Court practices, in the United States mail at  Bakersfield California addressed as indicated on the attached mailing list.

Date of Mailing:        February 23, 2018

Place of Mailing:      Bakersfield, CA

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: February 23, 2018

**Terry McNally**
CLERK OF THE SUPERIOR COURT

By:      _____
Gracie Goodson, Deputy Clerk

**MOSELEY VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON**
**BCV-17-101994**

### MAILING LIST

GENE MOSELEY
11211 LAVERHAM COURT
BAKERSFIELD CA  93312

MICHAEL JOHNSON PERSONAL
REPRESENTATIVE OF THE ESTATE OF LLOYD
JOHNSON
623 FRONT STREET #5206
KISSIMMEE FL  34747

MICHELLE MOSELEY
11211 LAVERHAM COURT
BAKERSFIELD CA  93312



**Superior Court of California**
**County of Kern**
**Bakersfield Department 10**

**Hearing Date:**    02/26/2018                                      **Time: 8:15 AM - 12:00 PM**
MOSELEY VS MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON
                                                                    **BCV-17-101994**

| | | | |
|---|---|---|---|
| **Honorable:** | Stephen D. Schuett | **Clerk:** | Linda M. Krolnik |
| **Court Reporter:** | Tara Cunha | **Bailiff:** | Deputy Sheriff |
| **Interpreter:** | | **Language Of:** | |

**PARTIES:**

|  |  |
|---|---|
| CHRISTMAN KELLEY & CLARKE, PC, A TEXAS CORPORATION, Defendant, not present | |
| DUGAN KELLEY, Defendant, not present | |
| **GENE MOSELEY, Plaintiff, present** | Pro Se |
| MATTHEW CLARKE, Defendant, not present | |
| MICHAEL JOHNSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF LLOYD JOHNSON, Defendant, not present | Pro Se |
| MICHELLE MOSELEY, Plaintiff, not present | Pro Se |

**NATURE OF PROCEEDINGS:  CASE MANAGEMENT CONFERENCE ORDER TO SHOW CUASE CRC 3.110**
**Hearing Start Time:  8:15 AM**

The above entitled cause came on regularly on this date and time with parties and/or counsel appearing as reflected above.

- The Court orders as follows:

Cause continued to 04/12/18 at 8:15 a.m in Department 10

Order to show Cause is continued to 04/12/18 at 8:15 a.m in Department 10

Reason for next appearance: Status Proof of Service of remaining Defendants

Plaintiff to give notice.

**FUTURE HEARINGS:**
April 12, 2018 8:15 AM Further Case Management Conference  Schuett, Stephen D. Bakersfield Department 10

April 12, 2018 8:15 AM Order to Show Cause - CRC 3.110 Schuett, Stephen D. Bakersfield Department 10

| | | | |
|---|---|---|---|
| *MINUTE ORDER FINALIZED BY:* | LINDA KROLNIK | *ON:* | 2/26/2018 |

MINUTE ORDER

Page 1 of 1

CIV-100

MAR - 6 2018

04|12

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|---|

NAME: Gene Moseley
FIRM NAME: in pro per
STREET ADDRESS: 11211 Laverham Court
CITY: Bakersfield          STATE: CA    ZIP CODE: 93312
TELEPHONE NO.: 661-303-5802          FAX NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (name): Gene Moseley and Michelle Moseley

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Kern
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF KERN

MAR 0 6 2018

TERRY McNALLY, CLERK
BY _____, DEPUTY

Plaintiff/Petitioner: Gene Moseley and Michelle Moseley
Defendant/Respondent: Michael Johnson, Personal Rep. of the Estate of Lloyd Johnson

| REQUEST FOR (Application) | [x] Entry of Default   [ ] Clerk's Judgment<br>[ ] Court Judgment | CASE NUMBER:<br>BCV-17-101994 |
|---|---|---|

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.)** *(see CIV-105)*

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* Aug 25, 2017
   b. by *(name):* Gene Moseley and Michelle Moseley
   c. [x] Enter default of defendant *(names):*

   Michael Johnson, personal representative of the estate of Lloyd Johnson

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant
      *(names):*

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under
      Code Civ. Proc., § 585(d).)*
   e. [ ] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section
         1174(c) does not apply. (Code Civ. Proc., § 1169.)
         [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The
         *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section
         415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the
         reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. **Judgment to be entered.**                          Amount          Credits acknowledged          Balance
   a. Demand of complaint . . . . . . . . . . . . . $            $                              $
   b. Statement of damages*
      (1) Special . . . . . . . . . . . . . . . . . . . $            $                              $
      (2) General . . . . . . . . . . . . . . . . . . . $            $                              $
   c. Interest . . . . . . . . . . . . . . . . . . . . . $            $                              $
   d. Costs *(see reverse)* . . . . . . . . . . . . . $            $                              $
   e. Attorney fees . . . . . . . . . . . . . . . . . $            $                              $
   f. TOTALS . . . . . . . . . . . . . . . . . . . . . $            $                              $
   g. Daily damages were demanded in complaint at the rate of: $                per day beginning *(date):*
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant** or **unlawful detainer assistant** information is on the
   reverse *(complete item 4).*
   Date: Mar 2, 2018

   Gene Moseley                                                    ▶ _____
   (TYPE OR PRINT NAME)                                              (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [ ] Default entered as requested on *(date).* | *Statement of Damages must be filed with proof of service.* |
|---|---|---|
| | (2) [x] Default NOT entered as requested *(state reason):* | |
| | Clerk, by *Hammond*, Deputy | *must be filed with Default.* |

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2018]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585, 587, 1169
www.courts.ca.gov
Page 1 of 2

**CIV-100**

| | | |
|---|---|---|
| Plaintiff/Petitioner: | Gene Moseley and Michelle Moseley | CASE NUMBER: |
| Defendant/Respondent: | Michael Johnson, personal rep. of the estate of Lloyd Johnson | BCV-17-101994 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did **not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

   a. Assistant's name:

   b. Street address, city, and zip code:

   c. Telephone no.:

   d. County of registration:

   e. Registration no.:

   f. Expires on *(date)*:

5. ☒ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action

   a. ☐ is ☒ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

   b. ☐ is ☒ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

   c. ☐ is ☒ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587):** A copy of this *Request for Entry of Default* was

   a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

     (1) Mailed on *(date):* Mar 2, 2018

     (2) To *(specify names and addresses shown on the envelopes):* Michael Johnson personal rep. of the Estate of LloydJohnson 623 Front Street Kissimmee, FL 34747

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 3/6/18

Kim Hicks
(TYPE OR PRINT NAME)

▶ *Kim Hicks*
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

   a. Clerk's filing fees .................. $

   b. Process server's fees .................. $

   c. Other *(specify):* $

   d. $

   e. **TOTAL** .......................... $

   f. ☐ Costs and disbursements are waived.

   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DECLARANT)

8. **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service as that term is defined by either the Servicemembers Civil Relief Act, 50 U.S.C. App. § 3911(2), or California Military and Veterans Code section 400(b).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 03/02/2018

Gene Moseley
(TYPE OR PRINT NAME)

▶
(SIGNATURE OF DECLARANT)

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

**PROOF OF SERVICE**

STATE OF CALIFORNIA COUNTY OF KERN:

     I am a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is **1430 Truxtun Avenue, Suite 900, Bakersfield, California, 93301.**

     On March 9, 2018, I served the within **PETITION FOR REMOVAL** on the interested party in said action, as listed below:

SEE ATTACHED MAILING LIST

( )   VIA FACSIMILE – [C.C.P. § 1013(e)]; - The telephone number of the sending facsimile machine was (661) 322-3508.  The telephone(s) number of the receiving facsimile machine(s) is listed below.  The Court, Rule 2004 and no error was reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), the machine was caused to print a transmission record of the transmission, a copy of which is attached hereto.

( X )   BY MAIL I am readily familiar with the business' practice for collection and processing of correspondence and documents for mailing with the United States Postal Service. Under that practice, the correspondence and documents would be deposited with the United States Postal Service that same day, with postage thereon fully prepaid, in the ordinary course of business at Bakersfield, California.

( )   VIA OVERNIGHT DELIVERY on the date below stated, pursuant to CCP §1013(c)(d), I deposited such envelope with delivery fees fully prepaid with Federal Express.

(_)   BY PERSONAL SERVICE I caused such envelope to be delivered by hand to the offices of the addressee.

     I declare, under penalty of perjury under the laws of the State of California, that the foregoing is true and correct.

     Executed on March 9, 2018, at Bakersfield, California.

                         _Susan Ricker_
                         SUSAN RICKER
                         *[40930-31]*

1

1                          MAILING LIST

2   Gene Moseley
    11211 Laverham Court
3   Bakersfield, CA 93312

4   Michelle Moseley
    11211 Laverham Court
5   Bakersfield, CA 93312

6   Michael Johnson, Personal Representative
     of the Estate of Lloyd Johnson
7   623 Front Street #5206
    Kissimmee, FL 34747

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28