```
1  GENE MOSELEY
2  MICHELLE MOSELEY
   11211 Laverham Court
3  Bakersfield, CA 93312
   Phone: (661) 303-5802
4
5  Attorneys for: In Pro Per
```



UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE MOSELEY, an individual; MICHELLE MOSELEY, an individual, | Case No. 1:18-CV-00349-DAD-JLT |
| Plaintiffs, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR:** |
| vs. | 1. MALICIOUS PROSECUTION |
| MICHAEL JOHNSON, personal representative of the estate of LLOYD JOHNSON, CHRISTMAN, KELLEY AND CLARKE, PC, a Texas Corporation; DUGAN P. KELLEY, an individual; MATTHEW CLARKE, an individual, and DOES 1 through 20, inclusive | **JURY DEMAND**<br><br>1:18-cv-00344 DAD JLT<br><br>Judge:  Honorable Jennifer L. Thurston<br>Action Filed: August 25, 2017 |
| Defendants. | |

Plaintiffs GENE MOSELEY and MICHELL MOSELEY, allege as follows:

1. Plaintiffs are, and at all times mentioned in this Complaint were, individuals residing in the County of Kern, State of California.

2. Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned in this Complaint, LLOYD JOHNSON, was an individual, residing in the County of Kern, State of California, County of Kern. LLOYD JOHNSON passed away on or about August 27, 2016. Plaintiffs are further informed and believe, and on that basis allege that MICHAEL JOHNSON is the personal representative of the estate.

1

3. Plaintiffs are informed and believe, and on that basis allege, that MICHAEL JOHNSON is an individual residing in the County of Kern, State of California.

4. Plaintiffs are informed and believe, and on that basis allege, that defendant, CHRISTMAN, KELLEY, AND CLARKE, PC (hereinafter "CKC") is, and at all times mentioned in this Complaint, was a Texas Corporation authorized to and conducting business in California, and its partners are licensed to practice law in the State of California. CKC and its partners represented LLOYD JOHNSON in the underlying action.

5. Defendant DUGAN KELLEY is an attorney licensed to practice law in the State of California and is a partner at CKC.

6. Defendant MATTHEW CLARKE is an attorney licensed to practice law in the State of California and is a partner at CKC.

7. Plaintiffs are unaware of the true names and capacities of defendants, Does 1 through 20, and therefore sues such defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to allege the true name(s) and capacity(ies) of the defendants named herein as Does 1 through 20, or each of them, when the names and capacities have been ascertained.

8. Plaintiffs are informed and believe and thereon allege, that at all relevant times, each of the fictitiously named defendants was the agent or employee of each of the remaining defendants, and was acting within the course and scope of said agency and employment, and with the knowledge, consent and ratification of each of the remaining defendants.

9. Plaintiffs are informed and believe and on that basis allege, that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by their conduct, actions and omissions.

10. In 2007, Michael Johnson filed a lawsuit in Santa Barbara County against LLOYD JOHNSON and Polly Johnson, Plaintiffs, and American Safety Services ("ASSI"). The 2007 lawsuit is referred to herein as the "Santa Barbara litigation."

11. Shortly after the Santa Barbara litigation was filed, the parties agreed to mediation. At the mediation, the parties reached a resolution and executed a settlement agreement (the "Settlement Agreement"). The Settlement Agreement required LLOYD JOHNSON, Polly Johnson, Plaintiffs, and ASSI to "collectively" pay Michael Johnson the sum of $255,000, and required Michael Johnson to transfer his 10% ownership interest in ASSI to LLOYD JOHNSON.

12. In or about 2007, LLOYD JOHNSON paid the $255,000 due under the Settlement Agreement, and Michael Johnson transferred his 10% ownership in ASSI to LLOYD JOHNSON.

13. On or about May 19, 2009, LLOYD JOHNSON, by way of his attorney, R. Christopher Kroes, sent a letter to Plaintiffs demanding that Plaintiffs repay LLOYD JOHNSON $170,000 for their alleged portion of the $255,000 Settlement Agreement amount.

14. Plaintiffs did not make any payments to LLOYD JOHNSON. Thereafter, over two years after the May 19, 2009 demand was made, on July 15, 2011, Michael Johnson, as assignee of LLOYD JOHNSON, filed a lawsuit against Plaintiffs and ASSI in the Kern County Superior Court entitled *Johnson v. Moseley, et al.*, case number S-1500-CV-274173 (hereinafter the "Underlying Action") for breach of written contract and common counts.

15. After multiple demurrers, amended complaints, and a revocation of the assignment, on May 20, 2015, LLOYD JOHNSON filed a Third Amended Complaint in the Underlying Action, which eliminated all previous causes of action and alleged five new causes of action. That Third Amended Complaint was filed by CKC.

16. In response to that Third Amended Complaint, a demurrer was sustained without leave to amend as to all causes of action except Breach of Oral Contract. Thus, the Breach of Oral Contract cause of action was all that remained.

17. Based on deficiencies in the Underlying Action's Third Amended Complaint, on or about November 5, 2015, Plaintiffs filed a Motion for Summary Judgment. This Motion was heard on or about January 29, 2015.

18. Additionally, beyond the filing of the above referenced Summary Judgment Motion, Plaintiffs provided notice of the defective factual and legal foundation of the Third Amended Complaint to DUGAN KELLEY and MATTHEW CLARKE by letter dated December 18, 2015, which attached a copy of Plaintiffs' motion for sanctions pursuant to Code of Civil Procedure Section 128.7.

19. On or about April 13, 2016, the Court granted Plaintiffs' Motion for Summary Judgment on the Underlying Action.

20. LLOYD JOHNSON filed a notice of appeal to the Fifth District, but failed to file an opening brief even after the appellate court granted several extensions of time. On or about June 19, 2017, the Fifth Appellate District dismissed the appeal and a remittitur was entered on August 22, 2017.

## FIRST CAUSE OF ACTION

## MALICIOUS PROSECUTION

### (Against All Defendants)

21. Plaintiffs incorporate the allegations of paragraphs 1 through 20 of the General Allegations as if set forth in full herein.

22. On or about July 15, 2011, MICHAEL JOHNSON, as assignee of LLOYD JOHNSON, commenced the Underlying Action against Plaintiffs and ASSI. In the Action, Defendant asserted that Plaintiffs owed $85,000 to pursuant to the Settlement Agreement reached in the Santa Barbara litigation. LLOYD JOHNSON, CKC, DUGAN KELLEY, and MATTHEW CLARKE, continued prosecution of the Underlying Action.

23. The Action was pursued to a legal termination in favor of Plaintiffs and against LLOYD JOHNSON in that LLOYD JOHNSON voluntarily withdrew multiple causes of action against Plaintiffs, demurrers were sustained without leave to amend, and Plaintiffs' Motion for Summary Judgment was granted as to the sole remaining cause of action.

24. LLOYD JOHNSON foiled a notice of appeal. The Fifth District Court of Appeal, however, dismissed the appeal after LLOYD JOHNSON failed to file an Opening Brief.

25. Defendants acted primarily for a purpose other than succeeding on the merits of the claim. The Underlying Action was commenced without probable cause and with malice, and was continued to be prosecuted without probable cause and with malice. The Underlying Action was based upon factual allegations that lacked admissible evidentiary support and legal contentions that were facially devoid of any merit. Specifically, the doctrine of mediation confidentiality precluded any evidence of the parties' communications at mediation. Consequently, any evidence of oral agreements reached at the mediation, or communications that might reveal the parties' intent with relation to the Settlement Agreement, would be inadmissible.

26. Because there could be no admissible evidence to prove LLOYD JOHNSON's and/or MICHAEL JOHNSON'S claims in the Underlying Action, no reasonable person in defendants' circumstances would have believed that there were reasonable grounds to bring the Underlying Action, or to continue with its prosecution. During the course of the Underlying Action, LLOYD JOHNSON churned through at least four law firms.

27. Defendants' malicious prosecution of the Action has caused damages to Plaintiffs. Among other things, Plaintiffs were required to hire an attorney and expend significant costs including, but not limited to, filing fees, and court reporter fees to defend themselves. In addition, defendants' conduct was a substantial factor in causing Plaintiffs severe emotional distress and harm to their reputation.

28. Upon information and belief, the amount of the out-of-pocket damages caused by the malicious prosecution of the Action exceeds the jurisdictional limits of this Court. Plaintiffs' attorneys' fees and costs alone in relation to the Underlying Action exceed $70,000.

29. Plaintiffs are also is entitled to an award of punitive damages against Defendants, according to proof at trial, because Defendants prosecution of the Underlying Action was, as alleged above, oppressive and malicious. The amount of the award against Defendants should be sufficient in size to punish Defendants and deter others from engaging in similar misbehavior.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. General damages in an amount to be established at the time of trial.
2. Special damages in an amount to be established at the time of trial.
3. For exemplary and punitive damages in an amount to set an example of defendants.
4. For cost of suit incurred in this action; and
5. For any further relief as the court deems just and proper.

Date: April 25, 2018

By: _____
GENE MOSELEY
MICHELLE MOSELEY

**PROOF OF SERVICE**

STATE OF CALIFORNIA COUNTY OF KERN

I am employed in the county of Kern, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3215 Fruitvale Avenue, Bakersfield, CA 93308.

On **April 26, 2018,** I served the foregoing documents described as: **FIRST AMENDED COMPLAINT FOR 1. MALICIOUS PROSECUTION** on the interested parties in this action by placing a true copy thereof enclosed in sealed envelopes and/or packages addressed as follows:

| | |
|---|---|
| Michael Johnson<br>623 Front Street #5206<br>Kissimmee, FL 34747<br>fablads@aol.com | Personal Representative for the Estate of Lloyd Johnson |
| Arnold J. Anchordoquy<br>Stephen T. Clifford<br>Dennis P. Gallagher<br>Clifford & Brown, PC<br>1430 Truxtun Avenue, Suite 900<br>Bakersfield, CA 93301 | Attorneys for Christman Kelley & Clarke, PC, Dugan P. Kelley, and Matthew M. Clarke |

__X__  BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at Bakersfield, California in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

| | |
|---|---|
| Michael Johnson<br>fablads@aol.com | Personal Representative for the Estate of Lloyd Johnson |

__X__  BY E-MAIL: I caused the foregoing document to be served by e-mail to the email address last given by the person so served and listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 26, 2018, at Bakersfield, California.

_Kim Hicks_
Kim Hicks