# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE MOSELEY, an individual; MICHELLE MOSELEY, an individual; and AMERICAN SAFETY SERVICES, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL JOHNSON, personal representative of the Estate of Lloyd Johnson; MATTHEW M. CLARKE, an individual; DUGAN P. KELLEY, an individual; and CHRISTMAN KELLEY & CLARKE, PC, a Texas corporation,<br><br>Defendants. | Lead Case No. 1:18-cv-00344-DAD-JLT<br><br>Member Case No. 1:18-cv-00349-DAD-JLT<br><br><u>ORDER TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION</u> |

On or about August 25, 2017, Gene Moseley and Michelle Moseley ("the Moseleys") and American Safety Services, Inc. ("ASSI") each filed a lawsuit in the Kern County Superior Court, bringing a single cause of action for malicious prosecution against defendants Christman Kelley & Clarke, PC, Matthew M. Clarke, Dugan P. Kelley (collectively "CKC defendants"), and Michael Johnson, as the personal representative of the Estate of Lloyd Johnson. (Doc. No. 2, Ex. A.) Both actions were removed to this federal court on March 9, 2018, and were consolidated on June 19, 2018. (Doc. Nos. 2, 33.) As explained below, defendants must provide additional information in order for the court to determine it has jurisdiction over these consolidated cases.

1  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368 (9th Cir. 1987). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). Moreover, and relevant to the matter at hand, the representative of an estate, when sued in his official capacity, adopts the citizenship of the decedent. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen of the same State as the decedent."). Finally, the Supreme Court long ago stated:

> The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence.

*McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)

Here, defendants purport that removal is proper based on diversity of citizenship. (Doc. No. 2 at 2.) Defendants state that, according to the complaints filed in state court, the Moseleys are California citizens and ASSI is a California corporation. (*Id.*) In contrast, defendants assert that none of the defendants reside or maintain their principal place of business in California: defendants state that Christman Kelly & Clarke is a Texas corporation with its principal place of business in Texas, and that individual defendants Clarke and Kelley are Texas residents. (*Id.*) Defendants further represent that, "[b]ased upon a phone call with Defendant Michael Johnson, his discovery responses signed under penalty of perjury identifying Florida as his place of residence and his signatures on other documents indicating a Florida residency, we have reason to believe he is a resident of Florida." (*Id.*) Finally, defendants contend that the amount in controversy exceeds $75,000. (*Id.*)

2

The notice of removal filed in this case is inadequate to establish the citizenship of defendant Michael Johnson. That notice of removal merely states that Michael Johnson is a resident of Florida. (Id.) However, if, as the complaint suggests, Michael Johnson is being sued in this action in his capacity as the representative of the Estate of Lloyd Johnson (see Doc. No. 2, Ex. A at ¶ 2), the relevant issue is the decedent's state of citizenship—that is, the citizenship of Lloyd Johnson. The complaint alleges that, "at all times mentioned in this Complaint, LLOYD JOHNSON was an individual residing in the County of Kern, State of California." (Id.) On this basis, diversity would therefore appear to be lacking.

Accordingly, defendants are hereby directed to show cause within fourteen (14) days of service of this order as to why this matter should not be dismissed for lack of subject matter jurisdiction. Defendants may discharge this order to show cause by providing sufficient information indicating the full citizenship of each of the defendants and establishing that the parties are in fact truly diverse. *See generally*, The Wagstaffe Group Practice Guide: Federal Civil Procedure Before Trial, §7–III (2017).

IT IS SO ORDERED.

Dated: **November 28, 2018**

UNITED STATES DISTRICT JUDGE