UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE MOSELEY, an individual; MICHELLE MOSELEY, an individual; and AMERICAN SAFETY SERVICES, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL JOHNSON, personal representative of the Estate of Lloyd Johnson; MATTHEW M. CLARKE, an individual; DUGAN P. KELLEY, an individual; and CHRISTMAN KELLEY & CLARKE, PC, a Texas corporation,<br><br>Defendants. | Lead Case No. 1:18-cv-00344-DAD-JLT<br><br>Member Case No. 1:18-cv-00349-DAD-JLT<br><br><u>ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION</u> |

On November 28, 2018, the court issued an order to show cause requiring defendants to provide additional information in order for the court to determine whether it has subject matter jurisdiction over these consolidated cases. (Doc. No. 41.) Defendants Christman Kelley & Clarke, PC, Matthew Clarke, and Dugan Kelley (collectively "CKC defendants") responded to the order to show cause on December 10, 2018, and defendant Michael Johnson, as personal representative of the Estate of Lloyd Johnson, responded to the order to show cause on December 14, 2018. (Doc. Nos. 43, 44.) For the reasons set forth below, the court concludes that defendants have failed to establish this court's subject matter jurisdiction and the court will

1

therefore remand this case to state court.

Defendants removed this action to this federal court alleging diversity of citizenship. (Doc. No. 2 at 2.) Under 28 U.S.C. § 1332, federal courts have jurisdiction on the basis of diversity of citizenship if the matter is between citizens of different states and the amount in controversy exceeds $75,000. In its order to show cause, the court specifically noted that it is relevant to the matter at hand that the representative of an estate, when sued in his official capacity, adopts the citizenship of the decedent. *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen of the same State as the decedent."). The court went on to specifically direct defendants that, "if, as the complaint suggests, Michael Johnson is being sued in this action in his capacity as the representative of the Estate of Lloyd Johnson (*see* Doc. No. 2, Ex. A at ¶ 2), the relevant issue is the decedent's state of citizenship—that is, the citizenship of Lloyd Johnson." (Doc. No. 41 at 2.)

Despite the court's clear instruction in the November 28, 2018 order to show cause, defendants completely failed to address the citizenship of Lloyd Johnson.[1] Instead, the CKC defendants responded to the order to show cause by stating that the Christman, Kelley & Clarke firm is a Texas corporation with its principal place of business in Texas, and that attorneys Matthew Clarke and Dugan Kelley are also residents of Texas. (Doc. No. 43 at 2.) The CKC defendants moreover aver that Michael Johnson, based on his own statements, discovery responses, motions filed in this action, and notes from physicians, is a resident of Florida. (*Id.* at 2–3.) Indeed, in response to the order to show cause, Michael Johnson filed a declaration stating that at all times relevant to this action, he has been a resident of Florida, and attached a redacted copy of his Florida driver's license. (Doc. No. 44.)

However, as the court clearly stated in its order to show cause, it appears from the operative complaint that plaintiffs in this action are suing Michael Johnson not in his individual

/////

/////

---

[1] Because the order to show cause was so specific in this regard the court can only assume that defendants' failure to address this inquiry was deliberate.

2

1 capacity, but in his capacity as the representative of the Estate of Lloyd Johnson.[2]  Moreover, and
2 most importantly for purposes of determining whether diversity jurisdiction lies in this court, the
3 complaint clearly alleges that at all times relevant to the complaint, Lloyd Johnson was a citizen
4 of California.  (Doc. No. 2, Ex. A at ¶ 2.)  The CKC defendants' answer to the complaint does not
5 dispute this allegation of Lloyd Johnson's citizenship:  in fact, defendants "admit that Lloyd
6 Johnson was an individual, residing in the State of California, County of Kern at some time
7 relevant to the instant action."  (Doc. No. 35 at ¶ 2.)  Because decedent Lloyd Johnson was a
8 citizen of California, and plaintiffs in this action are all citizens of California (*see* Doc. No. 2, Ex.
9 A at ¶ 1; No. 1:18-cv-00349, Doc. No. 1, Ex. A at ¶ 1), defendants have failed to establish that the
10 parties in this action are truly diverse.

   Accordingly, the court hereby remands this action to the Kern County Superior Court for
12 lack of subject matter jurisdiction.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 18, 2018**                    _____
                                                    UNITED STATES DISTRICT JUDGE

---

[2] That plaintiffs are suing Michael Johnson in his representative capacity is further confirmed by plaintiffs' opposition to Michael Johnson's motion to quash, wherein plaintiffs argue that Michael Johnson lacks authority to represent the Estate of Lloyd Johnson *in propria persona*.  (Doc. No. 23 at 3.)  Although plaintiffs cite state law for this proposition, federal procedural rules so hold as well.  *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. He has no authority to appear as an attorney for others than himself.") (citation omitted); *see also* L.R. 183(a) ("A corporation or other entity may appear only by an attorney.").